AMERICAN DOG OWNERS ASSOCIA-TION, INC.; Responsible Dog Owners of Iowa, Inc.; and Roger Anderson, Appellants,

v.

CITY OF DES MOINES, Appellee.

No. 89–1725.

Supreme Court of Iowa.

May 15, 1991.

James H. Waters, Des Moines, for appellants.

Patrick J. Hopkins of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

In December 1987 the City of Des Moines adopted an ordinance stating special licensing and confinement requirements for vicious dogs. The ordinance defined "vicious dog" to include, *inter alia,* the following:

(vi) Staffordshire terrier breed of dog; or

(vii) The American pit bull terrier breed of dog; or

(viii) The American Staffordshire terrier breed of dog; or

(ix) Dogs of mixed breed or of other breeds than above listed which breed or mixed breed is known as pit bulls, pit bull dogs or pit bull terriers; or

(x) Any dog which has the appearance and characteristics of being predominately of the breeds of Staffordshire terrier, American pit bull terrier, American Staffordshire terrier; any other breed commonly known as pit bulls, pit bull dogs or pit bull terriers, or combination of any of these breeds.

The Municipal Code of the City of Des Moines, Iowa, ch. 7, subch. 2, §§ 7–13, (vi)–(x).

The plaintiffs are (1) a Des Moines dog owner who has been affected by the ordinance, and (2) two organizations with members in Des Moines who are or may be affected by the ordinance. The plaintiffs brought this action requesting a determination that the ordinance is unconstitutionally vague and asking that the City be enjoined from enforcing the ordinance. The district court upheld the constitutionality of the ordinance and denied the plaintiffs injunctive relief. The plaintiffs have appealed.

Initially, we note that the question raised here may be moot as to some or all of these plaintiffs. Nonetheless, we choose to address the question because it is a matter of public importance and is likely to recur. *Shannon v. Hansen,* 469 N.W.2d 412 (Iowa 1991); *Roth v. Reagen,* 422 N.W.2d 464, 466 (Iowa 1988).

Statutes and ordinances enjoy a strong presumption of constitutionality. *Saadiq v. State,* 387 N.W.2d 315, 320 (Iowa 1986); *State v. Sullivan,* 298 N.W.2d 267, 270 (Iowa 1980). One who challenges the constitutionality of a statute or an ordinance bears the burden to overcome that presumption. *Id.* Where the constitutionality of an enactment is fairly debatable, the courts will not interfere. "Thus a statute will not be declared unconstitutional unless it clearly, palpably and without doubt infringes the constitution." *State v. Duncan,* 414 N.W.2d 91, 95 (Iowa 1987).

Due process requires that a penal enactment must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, so he or she may act accordingly. *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227–28 (1972).

Due process also requires that a penal enactment must provide explicit standards for those who enforce it, and must not delegate basic policy matters to police officers, judges and juries for resolution on an ad hoc and subjective basis. *Id.* However, due to the strong presumption of constitutionality, one who challenges a penal enactment on vagueness grounds must prove beyond a reasonable doubt that the enactment violates the *Grayned* standards. *State v. Wagner,* 410 N.W.2d 207, 214 (Iowa 1987); *Saadiq,* 387 N.W.2d at 320.

In the present case the plaintiffs contend the challenged ordinance does not give adequate notice which dogs are, and which are not, defined as "vicious" dogs subject to special licensing and confinement requirements. They complain that the ordinance uses unrecognized breed classifications and improperly allows dogs to be categorized on the basis of subjective criteria.

■ For the reasons noted below, we believe that parts of the challenged ordinance can withstand the plaintiffs' vagueness challenge, but that other parts are fatally vague and must be severed from the ordinance.

Subsections vi, vii and viii of the ordinance refer to particular breeds of dog. The record shows that the determination of a dog's breed can be done according to objective standards, although there are limits on the precision of such classifications. We believe the breed classifications listed in subsections vi, vii and viii give the reader as much guidance as the subject matter permits. We believe these subsections permit a reader of ordinary intelligence to determine which dogs are included. Moreover, these subsections place appropriate limits on the discretion of enforcement personnel; no basic policy matters are delegated to enforcement personnel, and there is no significant danger of "ad hoc and subjective" determinations or of "arbitrary and discriminatory application." *Grayned,* 408 U.S. at 108–09, 92 S.Ct. at 2298–99, 33 L.Ed.2d at 227–28.

Likewise, the first clause of subsection x can withstand the plaintiffs' vagueness challenge. The first clause of subsection x refers to the "appearance and characteristics" belonging predominantly to the same three breeds listed in subsections vi, vii and viii.

■ However, subsection ix and the second clause of subsection x present different problems. Subsection ix refers to "[d]ogs of mixed breed or of other breeds than above listed which breed or mixed breed *is known as* pit bulls, pit bull dogs or pit bull terriers" (emphasis added). Likewise, the second clause of subsection ix refers to "any other breed *commonly known as* pit bulls, pit bull dogs or pit bull terriers, or a combination of any of these breeds" (emphasis added). This language allows subjective determinations based on a choice of nomenclature by unknown persons and based on unknown standards. This language, unlike that discussed earlier, does leave a reader of ordinary intelligence confused about the breadth of the ordinance's coverage. Moreover, this language also gives improperly broad discretion to enforcement personnel, who are free to make the "ad hoc and subjective" determinations condemned in *Grayned.* There is an unacceptable risk of "arbitrary and discriminatory application" of these portions of the ordinance.

■ When parts of a statute or ordinance are constitutionally valid, but other discrete and identifiable parts are infirm, we may sever the offending portions from the enactment and leave the remainder intact. Iowa Code § 4.12 (1991); *State v. Aldrich,* 231 N.W.2d 890, 895–96 (Iowa 1975); *State v. Blyth,* 226 N.W.2d 250, 261–62 (Iowa 1975). Severance is appropriate if it does not substantially impair the legislative purpose, if the enactment remains capable of fulfilling the apparent legislative intent, and if the remaining portion of the enactment can be given effect without the invalid provision. *Blyth,* 226 N.W.2d at 261–62.

■ We think this is an appropriate case for severance under the *Blyth* standards. If subsection ix and the second clause of subsection x are severed from the ordinance, the remaining portions can be given

effect and will still fulfill the legislative intent to protect the public from dangerous dogs.

Subsection ix and the second clause of subsection x are hereby severed, as unconstitutionally vague, from chapter 7, subchapter 2, sections 7–13, of the Municipal Code of the City of Des Moines. The other challenged portions of the ordinance, subsections vi, vii, viii, and the first clause of subsection x, are upheld.

Nothing in the record supports a claim that the City did not adequately advise plaintiff Anderson of his right to appeal from a breed determination.

The district court's ruling is reversed with regard to subsection ix of the ordinance and the second clause of subsection x. The remainder of the district court's ruling is affirmed.

AFFIRMED IN PART AND REVERSED IN PART.