# IN THE SUPREME COURT OF IOWA

No. 09–0993

Filed December 17, 2010

**JULIO BONILLA,**

 Appellant,

vs.

**STATE OF IOWA,**

 Appellee.

_____

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel, Judge.

Defendant claims sentence of life in prison without parole for a juvenile nonhomicide offense violates the prohibition on cruel and unusual punishment.  **SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas W. Andrews, Assistant Attorney General, John Sarcone, County Attorney, and Nan Horvat, Assistant County Attorney, for appellee.

**STREIT, Justice**.

Julio Bonilla was convicted of kidnapping in the first degree in adult court for an offense committed at the age of sixteen.[1] He was sentenced to mandatory life in prison without the possibility of parole pursuant to the Iowa Code. Under the recent United States Supreme Court decision *Graham v. Florida*, ___ U.S. ___, ___, 130 S. Ct. 2011, 2033–34, 176 L. Ed. 2d 825, 848–50 (2010), this sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment of the Federal Constitution. The clauses of Iowa Code sections 902.1 and 906.5 (2003) that make Bonilla ineligible for parole are unconstitutional as applied to Bonilla. These clauses are also severable. Therefore, Bonilla's sentence must be adjusted to life in prison with the possibility of parole.

## I.  Background Facts and Prior Proceedings.

In 2005, Julio Bonilla was convicted of kidnapping in the first degree, a class "A" felony, in violation of Iowa Code sections 710.1 and 710.2. Bonilla was sentenced to life imprisonment without parole

---

[1]Throughout this opinion, we proceed based on the trial court's finding of fact that Bonilla was sixteen at the time of his crime. The State suggests Bonilla may not have been sixteen at the time of his crime, arguing his precise birth date was never "verified" because Bonilla was born in El Salvador and Bonilla is "mature-looking." After a bench trial, the district court entered findings of fact, including finding that Bonilla was sixteen years of age at the time of the incident. At trial, Bonilla testified he was sixteen at the time of the crime. The State did not present any evidence to the contrary and concedes "all parties proceeded on the assumption" that Bonilla's age was correct.

The State has not pointed to any evidence it could present beyond speculation. Although the State's conclusory speculation does not raise a material issue of fact to support an evidentiary hearing revisiting the district court's factual findings, because the constitutional challenge to Bonilla's sentence was first raised on appeal, the district court may determine on remand whether further hearing on this issue is required. *Cf. Kyle v. State*, 322 N.W.2d 299, 302–03 (Iowa 1982) (finding in a postconviction relief action that defendant's affidavit asserting decision to plead guilty was not voluntary, despite previous colloquy to the contrary, raised material issue of fact necessitating an evidentiary hearing).

because under Iowa Code section 902.1, class "A" felonies are punishable by a mandatory life sentence without the possibility of parole. Bonilla was sixteen years old at the time of the offense.

Bonilla filed an application for postconviction relief, which was denied by the district court. Bonilla appealed this denial but does not raise any of the issues that were before the district court. Instead, Bonilla raises, for the first time, the argument that his sentence of life in prison without parole violates his constitutional right against cruel and unusual punishment.

## II.  Scope of Review.

We review constitutional claims de novo. *Formaro v. Polk County*, 773 N.W.2d 834, 838 (Iowa 2009). This court may correct an illegal sentence at any time. Iowa R. Crim. P. 2.24(5)(*a*). A claim that a sentence is unconstitutional because it constitutes cruel and unusual punishment is a claim of an illegal sentence and may therefore be raised at any time. *Veal v. State,* 779 N.W.2d 63, 64 (Iowa 2010); *State v. Bruegger*, 773 N.W.2d 862, 871–72 (Iowa 2009).

## III.  Merits.

Bonilla filed a postconviction relief action. Because he complains his sentence is illegal, however, the claim "is not a postconviction relief action." *Veal*, 779 N.W.2d at 65. In *Veal*, the district court had dismissed the case under the statute of limitations. *Id.* at 64. This court remanded for consideration on the merits and ordered the district court to "treat her application for postconviction relief as a challenge to an illegal sentence." *Id.* at 65; *see also* Iowa R. Crim. P. 2.24(5)(*a*). We remanded to provide the district court the first opportunity to assess whether, under the facts of the case, Veal's sentence of life in prison without parole as a juvenile for a homicide offense constituted cruel and

unusual punishment. *Veal*, 779 N.W.2d at 65. Bonilla's postconviction action must also be construed as a motion to correct an illegal sentence. *Id.* Here, however, there is no need to remand to the district court for consideration of the legal issue because the United States Supreme Court has already addressed the category of juveniles into which Bonilla falls: juveniles who have committed a nonhomicide offense for which they have been sentenced to life in prison without parole. *See Graham*, ___ U.S. at ___, 130 S. Ct. at 2033–34, 176 L. Ed. 2d at 848–50.

**A. Cruel and Unusual Punishment.** Bonilla argues his sentence of life in prison without parole constitutes cruel and unusual punishment under the United States and Iowa Constitutions. He argues that because he was a juvenile at the time of his offense and did not commit homicide, the United States and Iowa Constitutions prohibit a sentence of life in prison without parole.

The Eighth Amendment to the Federal Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Article I, section 17 of the Iowa Constitution states, "Excessive bail shall not be required; excessive fines shall not be imposed, and cruel and unusual punishment shall not be inflicted." Iowa Const. art. I, § 17.

In *Graham*, the United States Supreme Court held the United States Constitution "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." ___ U.S. at ___, 130 S. Ct. at 2034, 176 L. Ed. 2d at 850. The Court explained, "A life without parole sentence improperly denies the juvenile offender a chance to demonstrate growth and maturity." *Id.* at ___, 130 S. Ct. at 2029, 176 L. Ed. 2d at 845.

*Graham* adopted a categorical rule prohibiting the imposition of a life-without-parole sentence for juvenile nonhomicide offenders. The Court explained that a categorical rule "is necessary to prevent the possibility that life without parole sentences will be imposed on juvenile nonhomicide offenders who are not sufficiently culpable to merit that punishment." *Id.* at ___, 130 S. Ct. at 2030, 176 L. Ed. 2d at 845. The court further held a state must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* at ___, 130 S. Ct. at 2030, 176 L. Ed. 2d at 845–46.

Bonilla's claim falls squarely within the United States Supreme Court's decision in *Graham.* Bonilla was convicted of the nonhomicide crime of kidnapping in the first degree, a class "A" felony. Bonilla was sentenced to life in prison without parole pursuant to Iowa Code section 902.1, which provides that an individual convicted of a class "A" felony will be sentenced to life and "shall not be released on parole unless the governor commutes the sentence to a term of years."[2] *Graham* applies retroactively to Bonilla because it is a new rule of substantive law clarifying the Eighth Amendment prohibition on cruel and unusual punishment. *See Schriro v. Summerlin*, 542 U.S. 348, 351–52, 124 S. Ct. 2519, 2522–23, 159 L. Ed. 2d 442, 448 (2004) ("Such rules apply retroactively because they 'necessarily carry a significant risk that a defendant . . .' faces a punishment that the law cannot impose upon him." (quoting *Bousley v. United States*, 523 U.S. 614, 620, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828, 838–39 (1998))); *Goosman v. State*, 764 N.W.2d 539, 544 (Iowa 2009).

---

[2]Although Bonilla could theoretically receive a commutation from Iowa's governor, the Supreme Court of the United States rejected the "remote possibility" of executive clemency in the cruel and unusual punishment analysis of *Graham.* ___ U.S. at ___, 130 S. Ct. at 2027, 176 L. Ed. 2d at 842.

Under *Graham*, Bonilla's federal constitutional right to be free from cruel and unusual punishment was violated when he was sentenced to life in prison without parole for the nonhomicide crime of kidnapping in the first degree. Because Bonilla has successfully asserted a claim under the United States Constitution, we need not address the boundaries of the Iowa Constitution's prohibition on cruel and unusual punishment.

**B. Remedy.** *Graham* did not specify how the states should adjust the sentences of juveniles previously sentenced to life in prison without parole for a nonhomicide crime. *Graham* held "[i]t is for the State, in the first instance, to explore the means and mechanisms for compliance." *Graham*, ___ U.S. at ___, 130 S. Ct. at 2030, 176 L. Ed. 2d at 846.

Although Bonilla was sixteen at the time of his crime, he was tried as an adult. Under Iowa Code section 702.11(1), kidnapping is a forcible felony. The juvenile court does not have jurisdiction over juveniles who are sixteen or seventeen at the time of their crime and are accused of committing a forcible felony. *See* Iowa Code § 232.8(1)(*c*). Instead, the sixteen or seventeen year old is tried in adult court. The juvenile may then seek a waiver from adult court to the juvenile court for good cause. *Id.*

Bonilla was charged with kidnapping in the first degree. Because kidnapping is a forcible felony, he was tried in adult court. *Id.* §§ 232.8(1)(*c*), 702.11. When a juvenile is convicted of a forcible felony in adult court, the juvenile is sentenced pursuant to section 902.9. *Id.* § 232.8(1)(*c*). Section 902.9 provides "[t]he maximum sentence for any person convicted of a felony shall be that prescribed by statute or, if not prescribed by statute" and a felony other than a class "A" felony, the defendant shall be sentenced as described in section 902.9. Kidnapping

in the first degree is a class "A" felony. *Id.* § 710.2. Section 902.1 provides the penalty for a class "A" felony:

> Upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction of a class "A" felony may be rendered, the court shall enter a judgment of conviction and shall commit the defendant into the custody of the director of the Iowa department of corrections for the rest of the defendant's life. Nothing in the Iowa corrections code pertaining to deferred judgment, deferred sentence, suspended sentence, or reconsideration of sentence applies to a class "A" felony, and a person convicted of a class "A" felony shall not be released on parole unless the governor commutes the sentence to a term of years.

Pursuant to section 902.1, Bonilla was sentenced to life in prison and does not have the possibility of parole other than commutation by the governor. As described above, application of section 902.1 to Bonilla violates the Federal Constitution.

Iowa Code section 4.12 provides:

> If any provision of an Act or statute or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the Act or statute which can be given effect without the invalid provision or application, and to this end the provisions of the Act or statute are severable.

"When parts of a statute or ordinance are constitutionally valid, but other discrete and identifiable parts are infirm, we may sever the offending portions from the enactment and leave the remainder intact." *Am. Dog Owners Ass'n, Inc. v. City of Des Moines*, 469 N.W.2d 416, 418 (Iowa 1991) (per curiam); *see also State v. Aldrich*, 231 N.W.2d 890, 895–96 (Iowa 1975); *State v. Blyth*, 226 N.W.2d 250, 261–62 (Iowa 1975). "Severance is appropriate if it does not substantially impair the legislative purpose, if the enactment remains capable of fulfilling the apparent legislative intent, and if the remaining portion of the enactment can be given effect without the invalid provision." *Am. Dog Owners*

*Ass'n*, 469 N.W.2d at 418. Similarly, where a portion of a defendant's sentence is improper or invalid, if possible, this court can sever the sentence without disturbing the balance of the sentence. *State v. Maghee*, 573 N.W.2d 1, 7 (Iowa 1997).

Severance is appropriate here. The last clause of the last sentence of section 902.1, stating "a person convicted of a class "A" felony shall not be released on parole unless the governor commutes the sentence to a term of years," is unconstitutional as applied to Bonilla. This last clause can be severed from the remainder of section 902.1. The statute, as it applies to Bonilla, will read:

> Upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction of a class "A" felony may be rendered, the court shall enter a judgment of conviction and shall commit the defendant into the custody of the director of the Iowa department of corrections for the rest of the defendant's life. Nothing in the Iowa corrections code pertaining to deferred judgment, deferred sentence, suspended sentence, or reconsideration of sentence applies to a class "A" felony, ~~and a person convicted of a class "A" felony shall not be released on parole unless the governor commutes the sentence to a term of years.~~

Therefore, Bonilla continues to serve a life sentence but must be subject to the possibility of parole.

Iowa Code section 906.5 provides the mechanism by which the parole board considers parole case reviews. Section 906.5(1) establishes annual case reviews for inmates. Inmates convicted of a class "A" felony, however, are exempted from the annual case review. Iowa Code § 906.5(1). This exemption from consideration for parole, as applied to Bonilla, is unconstitutional. The clause "other than a class 'A' felon" can

be severed from section 906.5. Therefore, the provisions of section 906.5 establishing parole reviews will apply to Bonilla.[3]

We remand to the district court for resentencing consistent with this opinion.

## IV. Conclusion.

Bonilla was convicted of the nonhomicide crime of kidnapping in the first degree. Because he was a juvenile at the time of the nonhomicide offense, the mandatory sentence of life in prison without the possibility of parole violated the Eighth Amendment of the United States Constitution under *Graham*, ___ U.S. at ___, 130 S. Ct. at 2033–34, 176 L. Ed. 2d at 848–50. We find the clauses of Iowa Code sections 902.1 and 906.5 prohibiting parole are unconstitutional as applied to Bonilla and severable. Therefore, Bonilla shall be sentenced to life in prison, with the potential of parole.

---

[3]Section 906.5 also prohibits parole review until inmates have served the mandatory minimum sentence for their crime as established by statute. Because kidnapping in the first degree carries a life sentence without parole, there is no mandatory minimum sentence established by statute.

There is, however, a mandatory minimum sentence for kidnapping in the second degree. *See* Iowa Code §§ 710.3, 902.9, 902.12. In 2003 (when the offense took place), a defendant was required to serve eighty-five percent of the sentence for kidnapping in the second degree. *See* Iowa Code §§ 902.12, 903A.2; *see also State v. Ceaser*, 585 N.W.2d 192, 196 n.1 (Iowa 1998) (noting the rule in section 902.12 requiring a defendant to serve one hundred percent of the sentence is modified by section 903A.2 allowing a fifteen percent reduction of sentence for good conduct time, therefore resulting in required service of eighty-five percent), *overruled on other grounds by Bruegger*, 773 N.W.2d at 871–72. Section 902.12 now requires those convicted of kidnapping in the second-degree to serve seven-tenths of the maximum sentence of twenty-five years, or seventeen-and-one-half years. Therefore, had Bonilla been convicted in adult court of kidnapping in the second degree, he would not be eligible for parole for a substantial portion of his sentence.

By striking the unconstitutional statutory provisions which prevent Bonilla from ever receiving consideration for parole, Bonilla will become eligible for an annual case review immediately. He will therefore be eligible for a parole case review before an individual convicted of second degree kidnapping. When a portion of a statute is unconstitutional, we sever the offending portions from the enactment and leave the remainder intact. *Am. Dog Owners Ass'n*, 469 N.W.2d at 418. We leave to the legislature whether and how to correct this apparent inconsistency.

**SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION.**