# IN THE COURT OF APPEALS OF IOWA

No. 13-1837
Filed August 13, 2014

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**ROBERT S. WINFREY,**
          Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Douglas F. Staskal, Judge.

Following the district court's grant of Robert Winfrey's motion to correct his illegal sentence of life imprisonment without the possibility of parole mandated by the 1971 Code of Iowa upon his first-degree-murder conviction, a crime he committed as a juvenile, Winfrey appeals, asserting his new sentence is functionally unconstitutional. **AFFIRMED.**

Gary Dickey of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, John P. Sarcone, County Attorney, and Jaki M. Livingston, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Tabor, JJ. McDonald, J. takes no part.

**DOYLE, J.**

Convicted of first-degree murder, a crime he committed as a juvenile, Robert Winfrey was sentenced to life imprisonment without the possibility of parole as mandated by the 1971 Code of Iowa. Following the district court's grant of his motion to correct his illegal sentence, Winfrey was resentenced to life imprisonment with the possibility of parole. He now appeals, asserting his new sentence is functionally unconstitutional. He also asserts his resentencing counsel provided ineffective assistance. Upon our review, we affirm.

### I. Background Facts and Proceedings.

Winfrey was convicted following a jury trial of the crime of first-degree murder in September 1972. *See* Iowa Code §§ 690.1, .2 (1971); *see also State v. Winfrey*, 221 N.W.2d 269, 270 (Iowa 1974). He committed the crime when he was seventeen-years-and-nine-months old. *See Winfrey*, 221 N.W.2d at 270. At the time of his sentence, the mandatory punishment for a first-degree-murder conviction was "imprisonment for life at hard labor in the penitentiary," *see* Iowa Code § 690.2 (1971), and Winfrey was so sentenced. Because his sentence was for life, Winfrey was not eligible for parole. *See* Iowa Code § 247.5 (1971) ("The board of parole shall, except as to prisoners serving life terms, . . . have power to parole persons convicted . . . .").

The Iowa Supreme Court affirmed Winfrey's conviction on direct appeal, and more detailed background facts of that case can be found in its opinion. *See*

*Winfrey*, 221 N.W.2d at 270-71.[1]  Relevant here, the court summarized testimony given at an evidentiary hearing concerning Winfrey's background as follows:

> Winfrey . . . had completed ten years of school and had been in special classes for slow learners.  Since age [twelve] he had lost time from school during periods he was in Eldora or jail. . . .
> Pursuant to court order Winfrey was examined by . . . a psychiatrist. . . .  [The psychiatrist] testified [Winfrey] does not have a typical mental disorder and that tests indicated Winfrey was in the low average range of intelligence with an I.Q. score range of approximately [eighty-five to ninety].  He opined Winfrey was "some place in the fourteen to fifteen year old range of mental age" and capable of understanding a statement of rights allegedly read to him but depending upon how the statement was presented to him. . . .  [The psychiatrist further testified:]
>> Because of his experience, there is no doubt that Mr. Winfrey knows what happens to you if you are found guilty of something in a court of law. . . .  It is still my opinion that Mr. Winfrey was competent and able to make decisions at the time of his apprehension.  This would, however, depend upon the circumstances and explanations given to him.

*Id.* at 271-72.

In June 2012, the United States Supreme Court decided *Miller v. Alabama*, 132 S. Ct. 2455, 2469-75 (2012).  There, the Court determined

> the Eighth Amendment prohibited "a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."  The Court found that defendants who committed homicide crimes as juveniles and faced a sentence of life without parole were entitled to a sentencing hearing that would permit the sentencing court to consider the individual characteristics of the defendant and the individual circumstances of the crime as mitigating factors for a lesser sentence.

*State v. Ragland*, 836 N.W.2d 107, 110 (Iowa 2013) (discussing *Miller*) (internal citations omitted).

---

[1] The supreme court opinion, as it appears in the North Western Reporter, erroneously indicates the murder occurred in 1970.  *Winfrey*, 221 N.W.2d at 270.  District court records establish the murder actually occurred in 1972.

Following *Miller*, Winfrey filed a pro se motion to correct his illegal sentence. However, in July 2012, Governor Terry Branstad commuted Winfrey's sentence, along with other similarly sentenced inmates, to a term of life with no possibility of parole for sixty years and directed that no credit be given for earned time. *See id.* (discussing the commutations and providing the full text of Ragland's nearly identical commutation). *Ragland* was then pending before our supreme court, and the district court entered a stay pending the outcome of that case.

*Ragland* was decided in August 2013. *Id.* at 108. There, the court concluded the Governor's commutation of Ragland's life sentence to a life sentence with the possibility of parole in sixty years was the functional equivalent to life without parole, and it held that *Miller* applies to such sentences. *Id.* at 121-22. The court explained:

> Ragland was originally sentenced without the benefit of an individualized sentencing hearing. The commutation lessened his sentence slightly, but without the court's consideration of any mitigating factors as demanded by *Miller*. While such a review process might still permit a life-without-parole sentence to be imposed in a murder case, it might also result in a sentence far less than life without parole. Thus, Ragland was entitled to be sentenced with consideration of the factors identified in *Miller*. Additionally, he was entitled to be resentenced under the individualized process because *Miller* applies retroactively.

*Id.* at 122.

Since *Ragland*, the Iowa Supreme Court has "applied the reasoning in *Miller* to sentences that effectively deprived a juvenile offender of a meaningful opportunity for early release on parole during the offender's lifetime based on demonstrated maturity and rehabilitation." *State v. Lyle*, ___ N.W.2d ___, 2014

WL 3537026, *2 (Iowa 2014) (citing *State v. Null*, 836 N.W.2d 41, 72 (2013)). Further, the court has applied its reasoning "not just to a de facto life sentence or one that is the practical equivalent of a life sentence without parole, . . . but also to a lengthy term-of-years sentence." *Id.* (internal quotation marks and citations omitted). Most recently, the court held by majority that article I, section 17 of our constitution "forbids a sentencing schema for juvenile offenders that deprives the district court the discretion to consider youth and its attendant circumstances as a mitigating factor and to impose a lighter punishment, including one that suspends all or part of the sentence, including any mandatory minimum." *Id.* at *23. The majority in *Lyle* reiterated that its holding did "not prohibit judges from sentencing juveniles to prison for the length of time identified by the legislature for the crime committed" or "prohibit the legislature from imposing a minimum time that youthful offenders must serve in prison before being eligible for parole." *Id.* Rather, it prohibited "the one-size-fits-all mandatory sentencing for juveniles." *Id.*

After the court issued its decision in *Ragland*, the district court issued an order setting Winfrey's motion for a hearing, and it directed the preparation of a presentence investigation report (PSI). At the hearing in October 2013, the court determined Winfrey's motion should be granted, and it proceeded to the matter of resentencing Winfrey. The State requested the court sentence Winfrey to life with the possibility of parole. Neither Winfrey nor his counsel provided any mitigating reasons, as contemplated in *Miller* and *Ragland*, to impose a lighter punishment than that requested by the State.

The district court issued its initial ruling from the bench, imposing "the sentence of life imprisonment" with "no restrictions on Mr. Winfrey's eligibility for parole." The court concluded Winfrey's eligibility for parole was "entirely up to the parole board." In determining Winfrey's new sentence, the court explained in great detail all the factors it considered and reasons it found to impose that sentence. Relevant to the present appeal, the court stated:

> The court has considered the contents of the [PSI] and, of course, the comments of the victim's daughter and on behalf of her family. The court has reviewed as best it can the original court file, which contains some documents that give some insight into the defendant and, of course, the court has considered the defendant's own statements and has attempted to apply the factors that the court is required to apply in assessing an appropriate sentence in a case of an individual who was a juvenile offender when the offense occurred for which a sentence of life imprisonment was imposed.
>
> Legally the court finds itself concluding that it is in effect imposing a sentence under Iowa Code Section 690.2 of the 1971 Code of Iowa, which provided for the life sentence for individuals convicted of first-degree murder. And the court agrees with the arguments of counsel for the State that that sentence itself is not what has been declared recently by our supreme courts, the federal supreme court as well as the state supreme court, to be unconstitutional. It is the aspect of the sentence that prevents any consideration of such a defendant for parole, which is not constitutional.
>
> So essentially the court is choosing between a sentence of life imprisonment with the opportunity for parole and a sentence of life imprisonment with no opportunity for parole. . . .
>
> . . . .
>
> So the court has considered all of these and given this matter a great deal of thought. The court could not impose a sentence of life imprisonment without parole eligibility under the cases without identifying Mr. Winfrey as a rare individual who essentially could be identified as a danger without any redeeming value, and I think we could argue about that. But I don't think this is a case where I can identify to the satisfaction of a reviewing court something—and articulate something in particular that would justify that kind of sentence.
>
> At this point in time I think that it's completely up to the board of parole to determine whether Mr. Winfrey and when Mr. Winfrey is rehabilitated and is capable of living in society without being a

danger to others. I certainly would not at this point in time recommend—for a lot of the reasons that I just said, I would not recommend parole until there's been a fairly significant length of time of demonstrated commitment to education. Because coming out of prison after forty-one years without even a high school diploma is not a recipe for success. Obviously, someone who has spent forty-one years in prison . . . has learned a lot of ways to live and do things that are not acceptable in society, so I would caution any correctional professionals or parole boards to be very careful about granting a parole in this case.

But having said all of that, again, on balance I think the sentence that is mandated in this case is life imprisonment with the opportunity for parole, and that's the sentence that the court imposes.

The same day, the district court entered its written sentencing order adjudging Winfrey guilty of first-degree murder, in violation of Iowa Code sections 690.1 and .2 (1971), and imposing a life sentence as provided by 690.2 (1971). Additionally, the court struck down "the unconstitutional portion of Iowa Code [sections] 902.9 and 902.3" (2013), and it sentenced Winfrey "to life with the possibility of parole."

Winfrey now appeals.

## II. Scope and Standards of Review.

"An unconstitutional sentence is an illegal sentence. Consequently, an unconstitutional sentence may be corrected at any time." *Lyle*, 2014 WL 3537026 at *2 (citations omitted). We ordinarily review a challenge to an illegal sentence for correction of legal errors. *Ragland*, 836 N.W.2d at 113; *see also* Iowa R. App. P. 6.907. However, when, as here, a defendant mounts a constitutional challenge to an allegedly illegal sentence, our review is de novo. *See Null*, 836 N.W.2d at 48. Ineffective-assistance-of-counsel claims are also reviewed de novo. *State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014).

### III.  Discussion.

On appeal, Winfrey makes two arguments.  First, he argues his new sentence is still the functional equivalent of a lifetime sentence without the possibility of parole, which is unconstitutional under *Miller* and *Ragland*. Secondly, and alternatively, Winfrey contends his most recent sentencing counsel was ineffective for failing to provide "mitigation evidence of the kind contemplated by *Miller* and *Null*" at his resentencing hearing.  We address his arguments in turn.

### A.  Constitutional Claim.

Winfrey asserts his new sentence is unconstitutional because, as his argument goes, the sentence "has no statutory anchor whatsoever in the 1971 Code" and because there "is no mechanism" for the board of parole to consider his new parole eligibility, given the existing rules.  He points out that section 247.5 of the 1971 Code did not provide any authority to parole offenders serving life terms.  Likewise, the current Code expressly prohibits parole eligibility to class "A" felons unless "the governor commutes the sentence to a term of years." *See* Iowa Code § 902.1(1) (2013).[2]  He also cites the board of parole's administrative rules, which dictate how the board interviews inmates for parole determinations, *see id.* § 904A.4(2), exempting class "A" felons from parole eligibility and consideration.  *See* Iowa Admin. Code r. 205-8.2 ("The board shall not grant parole to an inmate serving a mandatory minimum sentence. . . . Mandatory sentences are as follows: (a) A life sentence imposed for conviction of

---

[2] "Murder in the first degree is a class 'A' felony."  Iowa Code § 707.2.

a [c]lass 'A' felony pursuant to Iowa Code section 902.1.").[3] However, given the recent case-law precedent, to the extent these provisions restrict the board of parole from considering Winfrey's parole eligibility; those provisions too are clearly unconstitutional under *Miller* and *Ragland*. *See Ragland*, 836 N.W.2d at 121-22.

We agree with the State that the proper way to address any constitutional infirmity here is severance. *See Bonilla v. State*, 791 N.W.2d 697, 702 (Iowa 2010) ("When parts of a statute or ordinance are constitutionally valid, but other discrete and identifiable parts are infirm, we may sever the offending portions from the enactment and leave the remainder intact."). Severing the offending portions, those that do not permit the parole board from considering Winfrey for parole eligibility, leaves Winfrey serving a life sentence with the possibility of parole. *See id.*

Furthermore, we agree with the State that the existing administrative rules afford the board flexibility to consider Winfrey's new parole eligibility without requiring resentencing at this point. The board's rules specifically provide options for waiver and variance of their existing rules, allowing the board to "suspend[] in whole or in part the requirements or provisions of a rule as applied to an identified person on the basis of the particular circumstances of that person," such as complying with the Iowa Constitution. *See* Iowa Admin. Code r. 205-16.1. Furthermore, the board may grant a waiver from a rule if "the requested waiver is consistent with applicable statutes, *constitutional provisions*,

---

[3] Winfrey also notes Iowa Administrative Code rule 205-8.6(4) provides that Class "A" felons "serving a sentence more than [twenty-five years] are excepted from the annual review requirement of 8.6(3)."

or other provisions of the law." *See* Iowa Admin. Code r. 205-16.3 (emphasis added). Should the board not take it upon itself to consider Winfrey's new parole eligibility, Winfrey can file a petition for waiver for parole consideration under chapter 16 of the parole board's rules. *See* Iowa Admin. Code r. 205-16.6 (setting for the content necessary for filing a petition for waiver). We further agree that until and unless a petition for waiver by Winfrey for parole consideration is denied by the parole board, the matter is not ripe for our review. *See State v. Tripp*, 776 N.W.2d 855, 859 (Iowa 2010) (finding issue involving "administrative decisions that have yet to be made" not ripe for adjudication). Accordingly, we affirm his new sentence.

### B. Ineffective-Assistance Claim.

Additionally, Winfrey contends his resentencing counsel was ineffective for failing to provide "mitigation evidence of the kind contemplated by *Miller* and *Null*" at his resentencing hearing. To prevail, he must show trial counsel (1) breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ordinarily, we preserve ineffective-assistance-of-counsel claims for postconviction-relief actions, permitting the development of a proper record. *Null*, 836 N.W.2d at 48. This also "allows the attorney charged to respond to a defendant's claims." *State v. Brubaker*, 805 N.W.2d 164, 170 (Iowa 2011); *see also State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) ("Even a lawyer is entitled to his day in court, especially when his professional reputation is impugned."). The record does not provide sufficient details about Winfrey's attorney's failure to present mitigation evidence at the resentencing, such as the mitigation evidence submitted at Winfrey's suppression-of-evidence hearing.

*See Winfrey*, 221 N.W.2d at 270-71. Accordingly, we preserve this claim for possible postconviction-relief proceedings.

### IV. Conclusion.

Because we agree with the State that Winfrey's new sentence is not unconstitutional and Winfrey has an avenue to pursue consideration of his parole eligibility, we affirm his sentence. We preserve his ineffective-assistance-of-counsel claim for possible postconviction-relief proceedings.

**AFFIRMED.**