**IN THE COURT OF APPEALS OF IOWA**

No. 14-0900
Filed August 5, 2015

**JULIO BONILLA,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Joel D. Novak, Judge.

An applicant appeals the court's denial of his application for postconviction relief. **AFFIRMED.**

Angela Campbell of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Sheryl Soich, Assistant Attorneys General, John Sarcone, County Attorney, and Nan M. Horvat, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

In this appeal from his second application for postconviction relief (PCR), Julio Bonilla asserts the district court incorrectly denied this application, which alleged his appellate counseinl of his first PCR action was ineffective in waiving certain postconviction claims. Bonilla was convicted following a bench trial of kidnapping in the first degree and sentenced to life in prison without the possibility of parole. This conviction was affirmed on direct appeal. *See State v. Bonilla*, No. 05-0596, 2006 WL 3313783, at *1 (Iowa Ct. App. Nov. 16, 2006). Bonilla filed an application for postconviction relief, which was denied by the district court.[1] On appeal, instead of pursuing the claims made at the first postconviction relief hearing, PCR appellate counsel argued Bonilla's sentence amounted to cruel and unusual punishment as he was sixteen years old when the offense occurred. *Bonilla v. State*, 791 N.W.2d 697, 699 (Iowa 2010) (noting Bonilla appealed the district court's denial of his PCR application but did "not raise any of the issues that were before the district court"). Our supreme court agreed, adjusting his sentence to life with the possibility of parole pursuant to *Graham v. Florida*, 560 U.S. 48, 82 (2010). *Id.*

---

[1] Bonilla made the following claims in his first PCR application: (1) whether Bonilla's trial attorneys were ineffective for failing to seek a reverse waiver to juvenile court, (2) whether Bonilla's trial attorneys were ineffective for failing to continue the trial date to depose a rebuttal witness, (3) whether Bonilla's trial attorneys were ineffective for failing to investigate people at the Crawford residence, (4) whether Bonilla's trial attorneys were ineffective for failing to direct Bonilla to confer with his consulate, (5) whether Bonilla's trial attorneys were ineffective for waiving his right to a jury trial, and (6) whether Bonilla's direct appeal counsel was ineffective. The first PCR district court rejected these claims on the merits as did the second PCR district court.

When Bonilla's attempt to seek federal habeas corpus relief was dismissed for failing to exhaust his state court remedies, he filed this second PCR action, claiming his first PCR appellate counsel was ineffective in abandoning the claims he made in his first PCR application and instead pursuing only the Eighth Amendment challenge to his sentence. He claimed counsel's actions resulted in him being forever barred from raising any challenge to his guilt in the state appellate and federal courts. He asked that prejudice be presumed consistent with federal case law. *See Penson v. Ohio*, 488 U.S. 75, 88–89 (1988) (concluding it would be inappropriate to apply the prejudice requirement of *Strickland* where counsel sought to withdraw on appeal completely depriving the petitioner of appellate representation).

The district court rejected this second PCR application, concluding Bonilla was not denied counsel on the prior PCR appeal so prejudice would not be presumed. The court also concluded the claims Bonilla asserts appellate counsel should have raised in the first PCR appeal would not have been successful so Bonilla could not prove he received ineffective assistance.

Bonilla appeals the court's denial of his second PCR application and asks that his case be remanded with an order that counsel may appeal the denial of his first PCR application. After our de novo review of the record, we conclude the district court considered and correctly addressed all claims made on appeal. Therefore, we affirm by summary opinion pursuant to Iowa Court Rule 21.26(1)(d).

**AFFIRMED.**