# IN THE COURT OF APPEALS OF IOWA

No. 16-0562
Filed May 3, 2017

**NATHAN DOMINIC CURTIS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, James M. Drew, Judge.

Nathan Curtis seeks review of the district court's dismissal of his application for postconviction relief, arguing his sentence constitutes cruel and unusual punishment. **WRIT ANNULLED.**

Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

Nathan Curtis seeks review of the district court's dismissal of his application for postconviction relief (PCR), arguing his sentence constitutes cruel and unusual punishment under both the federal and state constitutions. Upon our de novo review, we affirm.

In May 2004, Curtis approached a woman on her way to the gym, put a knife to her throat, and asked for her money. *State v. Curtis*, No. 04-1878, 2005 WL 1398337, at *1 (Iowa Ct. App. June 15, 2005). The woman responded that she did not have any money, and Curtis demanded she give him her gym bag instead. *Id.* Curtis was eighteen years old at the time.

In October of that year, a jury convicted Curtis of robbery in the first degree, a class "B" felony, in violation of Iowa Code sections 711.1 and 711.2 (2003). The district court sentenced Curtis to a term of incarceration not to exceed twenty-five years and imposed a mandatory minimum of seventy percent pursuant to section 902.12(5).

On December 4, 2014, Curtis filed a PCR application alleging ineffective assistance of counsel. He subsequently amended the application, asserting the mandatory minimum sentence imposed was illegal and he should have received an individualized sentencing hearing because he was only eighteen years old at the time he committed the robbery. The district court entered a ruling rejecting Curtis's argument and dismissing the action.

"We review constitutional claims de novo." *Bonilla v. State*, 791 N.W.2d 697, 699 (Iowa 2010). "This court may correct an illegal sentence at any time." *Id.* (citing Iowa R. Crim. P. 2.24(5)(a)). "A claim that a sentence is

unconstitutional because it constitutes cruel and unusual punishment is a claim of an illegal sentence and may therefore be raised at any time." *Id.*

Curtis claims his sentence of twenty-five years' incarceration with a mandatory minimum of seventy percent violates his constitutional right to be free from cruel and unusual punishment under the both the Eighth Amendment of the U.S. Constitution and article I, section 17 of the Iowa Constitution. He asks us to adopt a categorical ban on all mandatory minimum sentences for offenders who were age twenty-five or younger when they committed the punishable offense or for every defendant regardless of his or her age at the time of the commission of the crime. He contends all criminal defendants subject to a mandatory minimum sentence should receive an individualized sentencing hearing during which the court considers individual circumstances and any mitigating factors.

We construe Curtis's PCR action "as a motion to correct an illegal sentence." *Id.* at 700. However, because there is no right to appeal the denial of a motion to correct an illegal sentence under Iowa Code section 814.6(1), we determine the proper form of review is by a petition for writ of certiorari. *See State v. Dempsey*, No. 15-1195, 2016 WL 3275306, at *3 (Iowa Ct. App. June 15, 2016). Pursuant to Iowa Rule of Appellate Procedure 6.108, we treat the notice of appeal and briefs as a petition for writ of certiorari, grant the writ, and proceed to address Curtis's constitutional claims on the merits.

In *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014), the Iowa Supreme Court held "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of [the Iowa C]onstitution." Curtis claims *Lyle* should be

extended to apply to "youthful offenders" under the age of twenty-five at the time they committed the offense. *Lyle*, 854 N.W.2d at 400.

The *Lyle* court expressly limited its holding to "youthful offenders" who were under the age of eighteen at the time the offense was committed. *Id.* at 403 ("[O]ur holding today has no application to sentencing laws affecting adult offenders. Lines are drawn in our law by necessity and are incorporated into the jurisprudence we have developed to usher the Iowa Constitution through time. This case does not move any of the lines that currently exist in the sentencing of adult offenders."). Thus, the court's holding in *Lyle* is clearly not applicable in this case. *See, e.g.*, *Kimpton v. State*, No. 15-2061, 2017 WL 108303, at *2–3 (Iowa Ct. App. Jan. 11, 2017); *see also State v. Vance*, No. 15-0070, 2015 WL 4936328, at *2 (Iowa Ct. App. Aug. 19, 2015). We decline to extend the holding in *Lyle* to cases involving adult offenders. *See State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). Accordingly, we affirm the district court's dismissal of this action.

**WRIT ANNULLED.**