# IN THE COURT OF APPEALS OF IOWA

No. 16-1231
Filed June 21, 2017

**TOBY L. SMITH,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Linn County, Sean W. McPartland, Judge.

        An applicant appeals the district court's denial of his postconviction relief application interpreted as a motion to correct an illegal sentence. **WRIT ANNULLED.**

        Eric D. Tindal of Nidey Erdahl Tindal & Fisher, P.L.C., Marengo, for appellant.

        Thomas J. Miller, Attorney General, and Richard J. Bennett, Special Counsel, for appellee State.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Toby Smith was convicted of first-degree robbery in 2002. He was six weeks past his eighteenth birthday at the time of the offense. He was sentenced to serve twenty-five years in prison with the applicable mandatory minimum. In January 2015, he filed the current postconviction-relief (PCR) action, maintaining that the mandatory minimum sentence is cruel and unusual and the holding of *State v. Lyle*, 854 N.W.2d 378, 402 (Iowa 2014), should be extended to include individuals who are eighteen years old when the crime occurred. The district court—interpreting Smith's PCR petition as a motion to correct an illegal sentence[1]—rejected his claim.

In *Lyle*, the supreme court ruled that minimum terms of incarceration can be imposed on juvenile offenders only after an individualized sentencing hearing. 854 N.W.2d at 402–03. However, the supreme court in *Lyle* made it clear:

> [O]ur holding today has no application to sentencing laws affecting adult offenders. Lines are drawn in our law by necessity and are incorporated into the jurisprudence we have developed to usher the Iowa Constitution through time. This case does not move any of the lines that currently exist in the sentencing of adult offenders.

*Id.* at 403.

Smith was an adult when he committed the crimes in question. The supreme court's holding in *Lyle* has no application to Smith's case. "We are not

---

[1] We also construe Smith's PCR application as a motion to correct an illegal sentence. *See Bonilla v. State*, 791 N.W.2d 697, 699–700 (Iowa 2010). However, there is no right to appeal from the denial of a motion to correct an illegal sentence under Iowa Code section 814.6(1) (2015). *See State v. Propps*, ___ N.W.2d ___, ___, 2017 WL 2291380, at *3 (Iowa 2017). The proper form of review is by a petition for writ of certiorari. *See id.* Pursuant to Iowa Rule of Appellate Procedure 6.108, we treat Smith's notice of appeal and accompanying brief as a petition for writ of certiorari, we grant the writ, and we proceed to address Smith's claim on its merits.

at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

We conclude the district court correctly applied the law in this case and, therefore, annul the writ. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**WRIT ANNULLED.**