# IN THE COURT OF APPEALS OF IOWA

No. 15-2001
Filed August 16, 2017

**MICAH SHERIF MATTHEWS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Paul L. Macek,

Judge.

Micah Matthews appeals from the district court's denial of his application

for postconviction relief. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee State.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

Micah Matthews appeals from the district court's denial of his application for postconviction relief (PCR), asserting numerous claims of ineffective assistance of trial, appellate, and PCR counsel. We generally review PCR proceedings for correction of errors at law. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). However, when an applicant raises constitutional claims, such as claims of ineffective assistance of counsel, we apply a de novo review. *See id.*; *Bonilla v. State*, 791 N.W.2d 697, 699 (Iowa 2010).

On February 20, 2008, the State charged Matthews by trial information with first-degree kidnapping, a class "A" felony; second-degree kidnapping, a class "B" felony; first-degree sexual abuse, a class "A" felony; and first-degree burglary, a class "B" felony. Matthews waived his right to a jury trial, and trial to the bench commenced on February 17, 2009. The district court convicted Matthews of first-degree kidnapping, second-degree kidnapping, and first-degree burglary after finding the charge of first-degree sexual abuse was a lesser-included offense of first-degree kidnapping and merging the two offenses. The court sentenced Matthews to life in prison without the possibility of parole for the crime of kidnapping in the first degree, plus two twenty-five-year terms of incarceration for the crimes of kidnapping in the second degree and burglary in the first degree, all to run consecutively. Matthews appealed, and we affirmed his convictions and sentences. *See generally State v. Matthews*, No. 09-0743, 2010 WL 3894455 (Iowa Ct. App. Oct. 6, 2010).

On February 17, 2011, Matthews filed a pro se application for PCR. The court appointed Matthews counsel, followed by a succession of several

appointed counsel. Matthews subsequently amended his application several times and submitted exhibits and a pro se pretrial memorandum. The district court dismissed Matthews's application on November 12, 2015.

Matthews appeals, arguing his trial counsel rendered ineffective assistance in failing to: (1) properly challenge the sufficiency of the evidence of the specific intent and confinement or removal elements of the charge of first-degree kidnapping, (2) investigate or consult with medical experts regarding the State's evidence showing serious injury, (3) object to hearsay statements made to the sexual assault nurse examiner (SANE), (4) improperly agreeing to admit the deposition testimony of the emergency room doctor and effectively waiving his right to confront the witness at trial, (5) request a jury instruction on kidnapping for ransom as an alternative theory for second-degree kidnapping, (6) file a motion in arrest of judgment, (7) investigate his prior association with the complaining witness, (8) investigate a possible intoxication defense, and (9) impeach witnesses who claimed they saw Matthews in possession of a gun prior to the assault. He further complains his appellate counsel provided ineffective assistance in failing to raise the above issues and raise claims the trial court abused its discretion and improperly weighed the evidence. Additionally, he claims the cumulative errors of his trial and appellate counsel warrant a new trial.

Matthews admits his claim regarding the sufficiency of the evidence of confinement or removal was not addressed in the PCR court's order. Matthews failed to file a motion to amend or enlarge the court's findings pursuant to Iowa Rule of Civil Procedure 1.904(2); thus, error has not been preserved on this issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002) (finding a rule

1.904(2) motion is "necessary to preserve error 'when the district court *fails to resolve* an issue, claim, or other legal theory properly submitted for adjudication'" (citation omitted)).

Matthews also admits his claim that trial counsel provided ineffective assistance by failing to object to the inadmissible hearsay testimony of the SANE nurse who examined the complaining witness after the kidnapping and assault was not raised before the PCR court.[1]  Thus, Matthews recognizes this issue has not been preserved for our review and argues PCR counsel rendered ineffective assistance in failing to raise the claim below.  Matthews also argues PCR counsel rendered ineffective assistance in failing to obtain and consult a medical expert with regard to his complaints surrounding the serious-injury element of the charges of first-degree kidnapping and first-degree sexual abuse.

"Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."  *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).  To succeed on an ineffective-assistance-of-counsel claim, Matthews must prove "by a preponderance of the evidence: '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) (quoting *State v. Adams*, 810 N.W.2d 365, 372 (Iowa 2012)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Failure to prove either prong is fatal to the claim.  *See Everett v. State*, 789 N.W.2d 151, 159 (Iowa 2010)*.*  In examining Matthews's claims, we

---

[1] Matthews framed this issue before the PCR court as one of trial counsel's failure to object to prosecutorial misconduct for presenting false evidence.  The PCR court addressed the issue as Matthews framed it to the court and denied the claim.

presume counsel performed his or her duties competently. *See Thorndike*, 860 N.W.2d at 320.

We conclude Matthews has failed to prove a reasonable probability that, without any alleged errors of trial, appellate, or PCR counsel, "the result of the proceeding[s] would have been different." *Strickland*, 466 U.S. at 694. Thus, he cannot show he was prejudiced by any alleged failure of counsel. *See id.*; *see also Everett*, 789 N.W.2d at 159.

Furthermore, the record clearly shows Matthews broke into a woman's home, held her at gun point, demanded money, and threatened to sexually assault her. When the woman told Matthews she did not have cash at home, he forced her to drive to a nearby bank. The woman was unsuccessful in her attempts to withdraw money, and Matthews ordered her to drive back to her home. Once at home, the woman attempted to escape by running into her house and locking the door. Matthews kicked the door in, grabbed her, and told her to go to her bedroom. She refused, and Matthews hit her on the head with his gun. The woman lost consciousness; when she regained consciousness, Matthews was sexually assaulting her, and she passed out again. Before he left, Matthews gagged the woman and bound her hands and feet. When she woke up again, she freed herself and called the police. She was taken to the hospital where a SANE nurse performed an examination and collected evidence later used to develop a DNA profile of the perpetrator. The DNA profile obtained from the sexual assault examination matched Matthews's DNA profile. Further, a DNA profile obtained from the woman's bindings also matched Matthews's profile. Based on these facts, we find the record contains overwhelming evidence of

Matthews's guilt in this vicious attack. *See Boose v. State*, No. 13-1130, 2014 WL 7343218, at *3 (Iowa Ct. App. Dec. 24, 2014) (applying the "overwhelming evidence" standard cited in *State v. Maxwell*, 743 N.W.2d 185, 197 (Iowa 2008), to the applicant's ineffective-assistance-of-trial-counsel claim in a PCR action).

Accordingly, we affirm the district court's denial of Matthews's PCR application.

**AFFIRMED.**