# IN THE COURT OF APPEALS OF IOWA

No. 24-0314
Filed March 19, 2025

**TERRELL JEROME BURTON SR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.

An applicant for postconviction relief challenges the district court's dismissal

of his application as untimely. **AFFIRMED.**

Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney

General, for appellee State.

Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**SANDY, Judge.**

Terrell Burton pleaded guilty in three different cases—one 2016 case and two 2019 cases. He did not directly appeal in any of those cases. In 2021 Burton moved to correct an illegal sentence in each case, but the district court did not rule on those motions. In 2023 Burton applied for postconviction relief (PCR) in all three cases, contending that his sentence suffered from defective sentencing procedures because the district court provided insufficient reasons for imposing his sentence. The State moved to dismiss the application as untimely, and Burton conceded that the application was untimely. But he argued at the PCR hearing that the district court should treat his prior motions to correct an illegal sentence as PCR actions and thus consider his current PCR application. The district court then dismissed his PCR application as well as each of his motions to correct an illegal sentence.

Burton now appeals the district court's dismissal of his PCR application, urging us to consider his motions to correct an illegal sentence in his 2019 cases as timely PCR applications. Under Iowa Code section 822.3 (2023), "[PCR] applications must be filed within three years from the date the conviction or decision is final." But as the district court delineated in its well-reasoned order, when a PCR applicant "complains his sentence is illegal . . . the claim 'is not a postconviction relief action.'" *Bonilla v. State*, 791 N.W.2d 697, 699 (Iowa 2010) (citation omitted). The district court reasoned that "[s]urely the reverse is also true. . . . [I]t would not be proper for this Court to construe Burton's motion to correct illegal sentence, in which the sole claim of illegality advanced was that it

was illegal for the Court to impose consecutive sentences, as an application for post-conviction relief." We cannot state it better than Judge McAllister already has.

And although Burton "is permitted to challenge an illegal sentence at any time," *State v. Lee*, 6 N.W.3d 703, 706 (Iowa 2024), the sentencing errors Burton alleges do not fall within that exception, *see State v. Heard*, 934 N.W.2d 433, 446 (Iowa 2019) ("'[A] defective sentencing procedure does not constitute an illegal sentence' that can be challenged at any point." (quoting *Tindell v. State*, 629 N.W.2d 357, 360 (Iowa 2001))).

In any case, Burton was represented by counsel at the time he filed his pro se motions to correct an illegal sentence. Under Iowa Code section 814.6A (2021), "[a] defendant who is currently represented by counsel shall not file any pro se document, including a . . . motion, in any Iowa court. The court shall not consider . . . such pro se filings." And to the extent the district court did rule on Burton's motions, those motions are separate and distinct from his present PCR claim. Those orders have not been appealed, and we will not relitigate issues "raised and resolved in [a] previous action." *See Dorsey v. State*, 975 N.W.2d 356, 361 (Iowa 2022).

Because Burton's motions to correct an illegal sentence were not PCR actions and his present PCR application is untimely, we affirm.

**AFFIRMED.**