WIGGINS, Justice.
We must decide the constitutionality of the applicant’s sentence on his conviction for first-degree kidnapping. The applicant was a juvenile at the time of the kidnapping. He was originally sentenced to life in prison without parole for the kidnapping. The jury also found him guilty of murder in the second degree, robbery in the first degree, conspiracy, possession of an offensive weapon, and criminal gang participation. The court imposed consecutive sentences on these convictions. The combined sentences on these charges amounted to a possible total of ninety-five years in prison.
In 2011, after the United States Supreme Court decided Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the applicant filed a motion to correct an illegal sentence on the kidnapping conviction. The applicant only raised the constitutionality of his sentence under the Eighth Amendment to the United States Constitution in his motion.[1] He claimed the sentence was illegal under the Federal Constitution because the sentence imposed life in prison without the possibility of parole. Finding the sentence illegal under the Federal Constitution, the district court corrected the applicant’s sentence on the kidnapping conviction to life in prison with immediate parole eligibility. On appeal, the applicant continues to claim his sentence is unconstitutional under the United States Constitution. For the first time on appeal, however, he also claims his sentence is unconstitutional under the Iowa Constitution.
In his pro se supplemental brief filed in his appeal, the applicant raised several additional issues. These include the district court’s failure to have him present at the sentence correction hearing, its failure to articulate reasons for imposing consecutive sentences at the original sentencing, and its failure to advise the applicant of his *69 right of allocution at the original sentencing.
We transferred his appeal to the court of appeals. The court of appeals affirmed the applicant’s conviction and sentence as corrected. On further review, we find the applicant’s sentence is constitutional under the Federal Constitution because he is immediately eligible for parole. We do not reach the applicant’s claim that his sentence is illegal under the Iowa Constitution. Instead, if the applicant timely amends his application to correct an illegal sentence under the Iowa Constitution, we remand this case to the district court to decide the claims he made under our state constitution. We will let the court of appeals decision stand as our final decision as to all other issues raised by the applicant. Therefore, we conditionally affirm the decision of the court of appeals and the judgment of the district court.
I. Background Facts and Proceedings.
On May 13, 1994, a jury convicted Anthony Hoeck of kidnapping in the first degree, among other charges. For the kidnapping in the first-degree conviction, the district court sentenced Hoeck to life in prison without the possibility of parole. The district court also sentenced Hoeck to a combined possible ninety-five years under the other counts.
Hoeck appealed his original convictions. See State v. Hoeck, 547 N.W.2d 852, 855 (Iowa Ct.App.1996). In that appeal, he challenged the district court’s decision to overrule his motion for change of venue, the admission of evidence at trial, and the sufficiency of the evidence. Id. at 856. Hoeck also raised an ineffective-assistance-of-counsel claim. Id. The court of appeals affirmed his convictions. Id. at 863. Nine years later, he filed an application for post-conviction relief, which the court of appeals determined was untimely. Hoeck v. State, No. 09-0830, 791 N.W.2d 710, 2010 WL 4484543, at *2 (Iowa Ct.App. Nov.10, 2010) (unpublished opinion).
His present appeal involves a motion to correct an illegal sentence filed on May 24, 2011. Hoeck alleged in his motion that pursuant to Graham, his sentence of life in prison without parole for the kidnapping charge was unconstitutional. The district court granted the motion, correcting the sentence for the kidnapping conviction to life in prison with immediate parole eligibility. Hoeck was not present for the sentence correction hearing. Thereafter, Hoeck filed a pro se motion asking the court to vacate its order and resentence him with him present. The court denied this motion.
Hoeck filed a notice of appeal. Hoeck also filed a pro se supplemental brief. We transferred the case to the court of appeals. The court of appeals affirmed the district court’s ruling. It held the corrected sentence for kidnapping did not violate the United States Constitution. It also held the district court was not required to vacate all of Hoeck’s sentences on the nonkidnapping convictions when it corrected Hoeck’s sentence on the kidnapping conviction. Rather, the district court could sever the illegal sentence from the other legal sentences and correct only the illegal sentence. Furthermore, the court of appeals held Hoeck did not have to be present to correct an illegal sentence so long as the disposition would not be aided by Hoeck’s presence and the modification does not make the sentence more onerous. Finally, the court of appeals held the other issues raised by Hoeck were not preserved; thus, they were not properly before the court. Hoeck filed for further review, which we granted.
*70 II. Issues.
When we accept a case on further review, “we have the discretion to review all or some of the issues” the parties raised on appeal and in the application for further review. State v. Clay, 824 N.W.2d 488, 494 (Iowa 2012). We exercise our discretion to review only Hoeck’s substantive claim that his sentence of life in prison with immediate parole eligibility is categorically unconstitutional under the Federal Constitution. For the reasons stated later in this opinion, we will not reach Hoeck’s claims that his sentence is unconstitutional under the Iowa Constitution. We choose not to address the other issues raised by Hoeck in this appeal and will allow the court of appeals decision on those issues to stand as our final decision. See id. (recognizing the court of appeals decision is our final decision on issues we choose not to review).
III. Standard of Review.
We normally review claims a sentence is illegal for correction of errors at law. State v. Davis, 544 N.W.2d 453, 455 (Iowa 1996). A defendant may challenge an illegal sentence at any time. State v. Pearson, 836 N.W.2d 88, 94 (Iowa 2013). A defendant’s claim a sentence is unconstitutional because it is cruel and unusual punishment is a claim the sentence is illegal. Bonilla v. State, 791 N.W.2d 697, 699 (Iowa 2010). We review de novo a constitutional challenge to an illegal sentence. Pearson, 836 N.W.2d at 94.
IV. Analysis.
A. Whether Hoeck’s Corrected Sentence Categorically Violates the Eighth Amendment of the United States Constitution. The Supreme Court has interpreted the Eighth Amendment of the United States Constitution as it relates to juvenile sentencing in a trilogy of cases. First, in Roper v. Simmons, the Supreme Court recognized a categorical rule prohibiting courts from imposing the death penalty against persons who committed their crimes while under the age of eighteen. 543 U.S. 551, 578, 125 S.Ct. 1183, 1200, 161 L.Ed.2d 1, 28 (2005). In the second case, Graham, the Supreme Court determined courts could not impose life in prison without parole for a juvenile who did not commit a homicide offense. 560 U.S. at 75, 130 S.Ct. at 2030, 176 L.Ed.2d at 845-46. Finally, in Miller v. Alabama, the Supreme Court stated life in prison without parole was not appropriate for a juvenile who committed a homicide offense unless the juvenile received an individualized sentencing hearing to consider the characteristics of the juvenile and the nature of the crime. 567 U.S. -, -, 132 S.Ct. 2455, 2468-69, 183 L.Ed.2d 407, 422-24 (2012).
Hoeck’s corrected sentence is factually dissimilar from these cases. Hoeck did not receive the death penalty; therefore, Roper is inapplicable. Hoeck did not receive life without parole for a homicide offense; therefore, Miller is inapplicable.[2]
Hoeek’s original sentence on the kidnapping was factually similar to Graham. Hoeck’s original sentence was a sentence of life in prison without parole for a nonhomicide offense. This sentence was categorically unconstitutional under Graham. See Graham, 560 U.S. at 74, 130 S.Ct. at 2030, 176 L.Ed.2d at 845 (holding the Eighth Amendment prohibits a sentence of life in prison without parole for a *71 juvenile who commits a nonhomicide offense). The district court recognized the unconstitutionality of Hoeck’s original sentence under Graham. The district court corrected Hoeck’s unconstitutional sentence by sentencing Hoeck to life in prison with immediate parole eligibility. This made his corrected sentence constitutional under Graham for at least two reasons.
First, the corrected sentence is factually dissimilar from the sentence in Graham. Whereas the court in Graham sentenced the defendant to life in prison without parole, id. at 57, 130 S.Ct. at 2020, 176 L.Ed.2d at 834, Hoeck received life in prison with immediate parole eligibility. Second, the Graham rationale is inapplicable to Hoeck’s corrected sentence. In Graham, the Supreme Court was concerned with the ability of a juvenile to have a meaningful opportunity to obtain release from jail if the juvenile demonstrated rehabilitation and maturity. Id. at 75, 130 S.Ct. at 2030, 176 L.Ed.2d at 845. Here, Hoeck has immediate parole eligibility and has an immediate opportunity to obtain release under the holding in Graham.
Striking parole ineligibility to convert an unconstitutional sentence to a constitutional one is an appropriate remedy. Bonilla, 791 N.W.2d at 701-02. In Bonilla, we recognized that Graham did not specifically explain how the states should adjust the sentences of juveniles convicted of a nonhomicide crime and sentenced to life in prison without parole. Id. at 701. Instead, the Supreme Court left it to the states to decide the proper way for a state to comply with Graham. Id. We determined that under our statutory scheme, it was appropriate to sever the invalid portion of a sentence without disturbing the remainder of the sentence. Id. at 702. For a juvenile previously sentenced to life in prison without parole for a nonhomicide crime, the appropriate remedy under Gro-ham was to sever the parole ineligibility from the juvenile’s sentence and sentence the juvenile to life in prison with the possibility of parole. Id. at 703. The district court correctly followed Bonilla when it corrected Hoeck’s sentence.
Therefore, we find Hoeck’s sentence as corrected by the district court is constitutional under the Federal Constitution because he is now eligible for immediate parole.
B. Whether Hoeck’s Corrected Sentence Violates Article I, Section 17 of the Iowa Constitution. On appeal, Hoeck raises claims under the Iowa Constitution for the first time. We acknowledge a defendant can raise the claim that his or her sentence is an illegal sentence at any time, even on a collateral attack. Veal v. State, 779 N.W.2d 63, 65 (Iowa 2010). However, our reading of the briefs leaves us with more questions than answers as to the specific claims Hoeck is raising under the Iowa Constitution. Additionally, we are not convinced the claims are fully briefed or the factual issues necessary to decide the Iowa constitutional claims are developed. Consequently, it would be a disservice to Hoeck, the State, and our system of justice to decide these claims without a thorough vetting of the claims in the district court. As one scholar noted:
Another option is for a court to spot an issue that has not been briefed and, if the issue looks decisive, remand it for resolution in the first instance by the lower court. This is the most procedurally conservative approach to addressing a new issue and is the only one fully consistent with the usual rule that issues not raised below will not be considered on appeal. Remand protects the role of the district court, which may have useful light to shed on the issue.
*72 Barry A. Miller, Sua Sponte Appellate Rulings: When Courts Deprive Litigants of an Opportunity to Be Heard, 39 San Diego L.Rev. 1253, 1300 (2002) (footnotes omitted).
Accordingly, we will not reach Hoeck’s challenges to his corrected sentence under the Iowa Constitution on this record. Therefore, we will affirm his corrected sentence as not being an illegal sentence under the United States Constitution. However, we will remand this case to the district court to allow Hoeck and the State to fully develop and argue Hoeck’s claims under the Iowa Constitution if he desires to do so. See In re R.E.K.F., 698 N.W.2d 147, 150-51 (Iowa 2005) (affirming a case conditionally on the issues tried below, but remanding the case for further proceedings under the Iowa Indian Child Welfare Act); State v. Powell, 684 N.W.2d 235, 242 (Iowa 2004) (affirming a case conditionally and remanding it to the district court to develop a factual record and to determine if an actual conflict exists); In re Prop. Seized from Brown, 501 N.W.2d 472, 473 (Iowa 1993) (affirming on one issue and remanding it to the district court to develop a factual record on whether the appellant’s possession of the device is legal).
Y. Conclusion and Disposition.
We find the district court’s sentence of life in prison with immediate parole eligibility does not violate the United States Constitution’s categorical prohibition against cruel and unusual punishment. We do not reach Hoeck’s claim that his sentence is illegal under the Iowa Constitution. If, within ninety days from the issuance of procedendo, Hoeck amends his application to request correction of an illegal sentence under the Iowa Constitution, we remand the case to the district court for further proceedings on his state constitutional claims. If he does not, the district court order will stand as the final judgment in this case. If Hoeck does amend his application, the district court shall hold further proceedings consistent with the amended application. We will let the court of appeals decision stand as our final decision on all other issues raised by Hoeck. Accordingly, we affirm the decision of the court of appeals and the judgment of the district court and affirm Hoeck’s conviction and sentence. Finally, we do not retain jurisdiction. We assess the costs against Hoeck.
DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT IS CONDITIONALLY AFFIRMED; CASE REMANDED WITH DIRECTIONS.
All justices concur except MANSFIELD, WATERMAN, and ZAGER, JJ., who concur in part and dissent in part.

. In his motion, the applicant cited Veal v. State, 779 N.W.2d 63 (Iowa 2010), and State v. Bruegger, 773 N.W.2d 862 (Iowa 2009), for the proposition that an illegal sentence could be raised at any time. He did not cite Veal or Bruegger for the proposition that a sentence of life in prison without the possibility of parole for a juvenile violated the Iowa Constitution. The Eighth Amendment states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const, amend. VIII.

. Hoeck was convicted of murder in the second degree; however, he received a term not to exceed fifty years for this crime. He does not challenge this sentence, and even if he did challenge this sentence, it does not fit under the facts of Miller.