# IN THE COURT OF APPEALS OF IOWA

No. 13-1267
Filed December 24, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RICCO RILEY,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

    Defendant appeals his conviction, based on his guilty plea, to delivery of a controlled substance (methamphetamine). **AFFIRMED.**

    Jamie Hunter of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

    Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, John Sarcone, County Attorney, and Stephanie Cox, Assistant County Attorney, for appellee.

    Considered by Potterfield, P.J., Tabor, J., and Sackett, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

Defendant Ricco Riley appeals his conviction, based on his guilty plea, to delivery of a controlled substance (methamphetamine). We affirm the decision of the district court denying his motion to correct an illegal sentence because Riley's arguments go to an alleged factual deficiency in the guilty plea, not the legality of his sentence. In addition, Riley has not shown he received ineffective assistance of counsel on the ground his counsel permitted him to plead guilty when there was an insufficient factual basis for his plea. We affirm.

## I.     Background Facts & Proceedings

On April 10, 2013, undercover police officers met Ricco Riley and Jason Lathrop in a parking lot after the officers had made arrangements to purchase methamphetamine from them. Riley gave one of the officers a small piece, "a shard," of a substance which field-tested positive to be methamphetamine. The officer asked to see the methamphetamine, and Riley pulled a plastic bag, which weighed about thirty-two grams, from his pants. The officers agreed to pay $2000 for the drugs. They then arrested Riley and Lathrop.

Riley was charged with delivery of a controlled substance, in violation of Iowa Code section 124.401(1)(b)(7) (2013), and failure to possess a tax stamp, in violation of sections 453B.3 and 453B.12. Riley entered into a plea agreement in which he agreed to plead guilty to the charge of delivery of a controlled substance, a class "B" felony, and the State agreed to dismiss the charge of failure to possess a tax stamp and to recommend that the sentence in this case be served concurrently with a sentence in another case.

The plea proceedings and sentencing were held on July 3, 2013. Riley admitted he had delivered a controlled substance and he knew the substance was methamphetamine. The following exchange then occurred:

> The Court: And was it in an amount of over five grams?
> The Defendant: Yeah, I guess so yeah. I don't know what it weighed.
> The Court: If the minutes of testimony say that it was over five grams or that it was a compound or mixture which contained a detectable amount of methamphetamine and it was over five grams, would you agree with that?
> Defense Counsel: Your Honor, I shared with him, and we've looked at this before, the crime lab report would indicate there was 30.49 grams of a mixture containing an identifiable amount of methamphetamine.
> The Court: So would you agree with that then?
> The Defendant: Yes.

The court accepted Riley's guilty plea. He was sentenced to a term of imprisonment not to exceed twenty-five years.

On August 19, 2013, Riley filed a motion to correct an illegal sentence, claiming the substance he gave the officers was cocaine, rather than methamphetamine, and he should have been convicted of violating section 124.401(1)(c)(2)(b), a class "C" felony. The State resisted Riley's motion. The court denied the motion, finding Riley's "arguments go to an alleged factual deficiency in the guilty plea, which is not the proper subject of a motion to correct an illegal sentence." Riley appealed the decision of the district court.[1]

---

[1] The Iowa Supreme Court entered an order granting Riley's motion for an extension of time to file his notice of appeal. The court determined Riley would be permitted to "brief any issues arising from the ruling on a motion to correct an illegal sentence and from the criminal judgment."

## II. Illegal Sentence

On appeal, Riley claims he received an illegal sentence because there is an insufficient factual basis to show he delivered more than five grams of methamphetamine. He now asserts he should have been convicted of violating section 124.401(1)(c)(6), a class "C" felony, for the delivery of five grams or less of methamphetamine.

A challenge to an illegal sentence may be raised at any time. Iowa R. Crim. P. 2.24(5)(a). In general, we review claims that a sentence is illegal for the correction of errors at law. *State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014). "[A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed." *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009). We do not "re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence." *Id.* at 871-72. We determine the district court correctly concluded Riley's "arguments go to an alleged factual deficiency in the guilty plea, which is not the proper subject of a motion to correct an illegal sentence." We affirm the decision of the district court denying his motion to correct an illegal sentence.

## III. Ineffective Assistance

Riley has raised claims of ineffective assistance of counsel. We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential

duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

**A.** Riley contends he received ineffective assistance because his defense counsel permitted him to plead guilty to violating section 124.401(1)(b)(7) when there was not a sufficient factual basis to show he delivered more than five grams of methamphetamine. He asserts the record shows only that the "shard" he showed to officers contained methamphetamine and there is nothing in the record to show what was in the bag. He asserts the lab report shows only one tested substance, which he believes must have been a combination of the shard and the substance in the bag, and that showed only a "trace amount" of methamphetamine.[2]

A defendant may receive ineffective assistance if defense counsel permits the defendant to plead guilty to a charge for which there is no factual basis and then fails to file a motion in arrest of judgment. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Id.* at 62. There is no requirement that the court be

---

[2] The State notes it is questionable whether the lab report is part of the record. The State attached a copy of a lab report to its resistance to Riley's motion to correct an illegal sentence. Riley filed a motion to strike the lab report. The district court did not rule on the motion to strike and did not consider the report in ruling on the motion to correct an illegal sentence.

presented with evidence the crime was committed beyond a reasonable doubt; there only needs to be a factual basis to support the charge. *Id.*

Riley was charged with violating section 124.401(1)(b)(7), which applies when a person delivers more than five grams of methamphetamine or more than five grams of "any compound, mixture, or preparation which contains any quantity or detectable amount of methamphetamine." The minutes of evidence show the shard was field-tested and was methamphetamine. The minutes also state, "the 32.5 grams of methamphetamine seized on April 10, 2013, did field test positive and there was no State of Iowa tax stamp affixed to it." We conclude the shard and the bag were both tested in the field and both showed positive for methamphetamine.

Even if we agreed with Riley's contention that his answer during the plea colloquy about the amount of methamphetamine he delivered was ambiguous, which we do not, there is still a sufficient factual basis based upon the minutes of evidence to show he delivered more than five grams of methamphetamine or a substance containing a detectable amount of methamphetamine. We conclude there is a sufficient factual basis in the record to support Riley's guilty plea to violating section 124.401(1)(b)(7).

**B.** Riley claims he received ineffective assistance because his defense counsel did not raise a claim that section 124.401(1)(b)(7) was unconstitutional. On appeal, however, he does not allege under what grounds he believes the statute is unconstitutional or cite any authority on the issue of whether the statute is unconstitutional. "Failure to cite authority in support of an

issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(g)(3). In reviewing a case, we do not assume a partisan role or undertake a party's research and advocacy. *State v. Hicks*, 791 N.W.2d 89, 98 (Iowa 2010). Therefore, we do not address Riley's claim that section 124.401(1)(b)(7) is unconstitutional.

 **C.** Finally, Riley claims he received ineffective assistance because defense counsel failed to investigate and failed to file pretrial motions. Generally, claims of ineffective assistance of counsel are preserved for possible postconviction-relief proceedings. *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011). Claims of ineffective assistance are addressed on direct appeal only if the record is adequate. *Id.* We determine the record is not adequate to address Riley's claims of ineffective assistance on these grounds and conclude these issues should be preserved for a possible postconviction action.

 We affirm Riley's conviction for delivery of a controlled substance.

 **AFFIRMED**.