# IN THE COURT OF APPEALS OF IOWA

No. 15-0235
Filed December 23, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**SAYVON ANDRE PROPPS,**
　　　　Defendant-Appellant.

_____

　　　　Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.


　　　　A juvenile defendant challenges his sentence as cruel and unusual punishment. **AFFIRMED.**


　　　　Gregory T. Racette and Amy B. Pellegrin of Hopkins & Huebner, P.C., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis Sloven, Assistant Attorney General, for appellee.


　　　　Heard by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Sayvon Propps seeks to expand *State v. Lyle*, 854 N.W.2d 378, 404 (Iowa 2014), which held:

> [A]rticle I, section 17 of the Iowa Constitution forbids a mandatory minimum sentencing schema for juvenile offenders that deprives the district court of the discretion to consider youth and its attendant circumstances as a mitigating factor and to impose a lighter punishment by eliminating the minimum period of incarceration without parole.

The court required district courts to "carefully consider all of the circumstances of each case to craft an appropriate sentence and give each juvenile the individual sentencing attention they deserve and the constitution demands." *Lyle*, 854 N.W.2d at 403.

Propps pled guilty to four counts of willful injury causing serious injury in connection with crimes he committed when he was seventeen years old. Iowa Code § 708.4(1) (2011). These crimes are forcible felonies. *See id.* § 702.11(1). Probation is not an option for forcible felonies. *See id.* § 907.3 (setting forth sentencing options of deferring judgment, deferring sentence, or suspending sentence and placing defendant on probation, and stating these options are not applicable to "a forcible felony").

The district court accepted Propps's plea and sentenced him to prison, as required by statute. Propps was ordered to serve four consecutive terms not exceeding ten years. There were no mandatory minimum terms of incarceration that would have required consideration of the individualized sentencing factors set forth in *Lyle*.

Propps filed a motion to correct an illegal sentence. After tracing the evolution of sentencing law governing juveniles, he asserted the district court was obligated to make an individualized sentencing determination "regardless of whether or not the sentence has a mandatory minimum." The district court denied the motion. The court reasoned as follows:

> As the State points out, the crime—Willful Injury—to which the Defendant pled and was sentenced, does not implicate a mandatory minimum sentence. Since the Defendant is eligible for parole and may be released at any time, the sentences, whether consecutive or concurrent, are not cruel and unusual, do not violate the federal or state constitutions, are therefore not illegal and Defendant is not entitled to a correction of his sentence or resentencing.

On appeal, Propps contends "all juveniles, especially those who have been sentenced to a lengthy term of years, must undergo an individualized sentencing regardless of whether or not the sentence has a mandatory minimum term of years." In his view, the same concerns implicated in recent juvenile sentencing precedent are implicated here because the district court had no alternative but to imprison him for the forcible felonies and was foreclosed from considering probation as an option, even if mitigating factors might have militated in favor of this option. The State counters that Propps's sentences were mandatory in name only because he was immediately eligible for parole and his "behavior in prison," rather than "the arbitrary application of a statutorily mandated minimum sentence," would "dictate his release."

We need not address the State's argument concerning the effect of parole on the analysis, except to note that the Iowa Supreme Court has discussed this issue in the juvenile sentencing context. *See State v. Louisell*, 865 N.W.2d 590,

601 (Iowa 2015) (reaffirming the principle that "under both the United States Constitution and the Iowa Constitution, juveniles convicted of crimes must be afforded a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation"); *State v. Hoeck*, 843 N.W.2d 67, 71 (Iowa 2014) ("Striking parole ineligibility to convert an unconstitutional sentence to a constitutional one is an appropriate remedy.").

Our focus is on the language of *Lyle*. Certain language lends credence to Propps's contention that any juvenile prison sentence, if it is mandatory, requires an individualized sentencing determination. For example, the *Lyle* majority stated "the punishment should be directly related to the personal culpability of the criminal defendant." *Lyle*, 854 N.W.2d at 398. And the court stated that "attempting to mete out a given punishment to a juvenile for retributive purposes irrespective of an individualized analysis of the juvenile's categorically diminished culpability is an irrational exercise." *Id.* at 399. The court continued,

> We think most parents would be stunned to learn this state had a sentencing schema for juvenile offenders that required courts to imprison all youthful offenders for conduct that constituted a forcible felony without looking behind the label of the crime into the details of the particular offense and the individual circumstances of the child.

*Id.* at 400-01. This language could be read to require an individualized sentencing determination whenever a juvenile faces mandatory prison time. But, at the end of the day, the court limited its holding to prison sentences with mandatory minimum terms. The court stated,

> [W]e reiterate that the specific constitutional challenge raised on appeal and addressed in this opinion concerns the statutory imposition of a minimum period of incarceration without parole equal to seventy percent of the mandatory sentence. *The holding*

*in this case does not address the mandatory sentence of incarceration imposed under the statutory sentencing schema or any other issues relating to the sentencing schema.*

*Id.* at 404 n.10 (emphasis added).

Paying heed to the court's actual holding in *Lyle,* this court twice declined to extend the individualized sentencing requirement to prison sentences without mandatory minimums. *See State v. Means*, No. 14-1376, 2015 WL 6509741, at *9 (Iowa Ct. App. Oct. 28, 2015) ("It is appropriate for our court to defer to the supreme court on whether to extend the holdings of . . . *Lyle* to cases where juvenile offenders do not face any mandatory minimum sentences."); *State v. Marshall-Limoges*, No. 14-1610, 2015 WL 4936265, at *1 (Iowa Ct. App. Aug. 19, 2015) ("*Lyle* is inapplicable; none of the sentences here involve mandatory minimum terms of incarceration."). We see no reason to deviate from these opinions.

Under the heading of an "as-applied" challenge to his sentence, Propps next argues:

> Because the Defendant in the instant matter was subject to a mandated prison term pursuant to Iowa Code §§ 702.11 and 902.9, this Court's recent holdings deem this sentence unconstitutional and require remand to the district court—in order to undergo this individualized analysis—to afford Defendant of his constitutional protections as a juvenile offender and, as a result, correct Defendant's sentence.

This is not an "as applied" challenge as that phrase has been defined by the Iowa Supreme Court. *See State v. Oliver*, 812 N.W.2d 636, 640 (Iowa 2012) (noting "as-applied" challenge in the cruel and unusual punishment context is actually a "gross proportionality challenge to the particular defendant's sentence"). Propps

is simply seeking an individualized sentencing determination. Having declined to extend *Lyle* to his situation, we conclude a remand is unnecessary.

We affirm the district court's denial of Propps's motion for correction of an illegal sentence.

**AFFIRMED.**