# IN THE COURT OF APPEALS OF IOWA

No. 15-0441
Filed January 27, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESSICA EPPING,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

Jessica Epping appeals the district court's entry of a no-contact order, in favor of her three minor children, following her guilty plea to one count of child endangerment. **AFFIRMED.**

Courtney T. Wilson of Gomez May L.L.P., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

Jessica Epping appeals the district court's entry of a five-year no-contact order in favor of her three minor children following her guilty plea to one count of child endangerment. She asserts that because she was involved in a separate child-in-need-of-assistance case the court improperly issued the order in violation of the provisions set forth in Iowa Code section 664A.5 (2013). Furthermore, she argues the order violates her constitutional right to parent her children. We conclude the district court complied with the statutory provisions when issuing the no-contact order. Furthermore, because the no-contact order is narrowly tailored to the State's interest in protecting child victims, Epping's constitutional rights were not violated. Consequently, we affirm.

In 2009, Epping, along with her mother, Sherri Oats, and her sister, Jenni Jenkin, became familiar with two male registered sex offenders. The women were aware of the men's sex-offender status. Nonetheless, despite several warnings from the Iowa Department of Human Services from 2011 until 2013, they continued to leave their minor children unsupervised with the men. Evidence subsequently established several of the children, including Epping's son, had been sexually assaulted. Epping stated to authorities her son had told her he had been sexually abused by one of the men.

Epping was arrested on April 8, 2014, and charged with one count of child endangerment. An order adjudicating Epping's three children in need of assistance (CINA) was entered following the arrest. On May 14, 2014, Epping was charged with two counts of child endangerment, in violation of Iowa Code section 726.6(7). A temporary no-contact order was entered on August 25, 2014,

preventing Epping from having contact with her three children. Pursuant to a plea agreement, Epping pled guilty to one count of child endangerment and subsequently filed a motion to modify or dismiss the no-contact order. Sentencing was held on January 9, 2015, and the court continued the matter of the no-contact order. Following a hearing on February 24, 2015, the district court issued a no-contact order in connection with Epping's criminal conviction, prohibiting her from having contact with her three children until February 24, 2020. Epping appeals.

We review challenges to an illegal sentence for correction of errors at law and constitutional issues de novo. *State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014).

As an initial matter, the district court did not violate any provisions contained in Iowa Code section 664A.5 when issuing the no-contact order. This section states:

> If a defendant is convicted of, receives a deferred judgment for, or pleads guilty to a public offense referred to in section 664A.2, subsection 1 . . . the court shall either terminate or modify the temporary no-contact order issued by the magistrate. The court may enter a no-contact order or continue the no-contact order already in effect for a period of five years from the date the judgment is entered or the deferred judgment is granted, regardless of whether the defendant is placed on probation.

Iowa Code § 664A.5. Here, the no-contact order was entered pursuant to Epping's criminal sentence, and therefore was in compliance with this section. Moreover, we do not agree with Epping's contention that the pending CINA case removes the district court's ability to issue a no-contact order in connection with her criminal case. *See id.* §§ 664A.1–.5 (governing the ability of the district court

to enter no-contact orders in connection with a criminal case).[1] Consequently, the district court did not violate any statutory provisions when issuing the five-year no-contact order.

Furthermore, we agree with Epping that she possesses a fundamental liberty interest guaranteed by the Federal Constitution to parent her children. *See Quillon v. Walcott*, 434 U.S. 246, 255 (1978). However, the issuance of a no-contact order pursuant to Iowa Code section 664A.5 survives strict scrutiny because it is narrowly tailored to the State's compelling interest in protecting the child victims from future harm. *See State v. Corbett*, 242 P.3d 52, 63–64 (Wash. Ct. App. 2010) (following the defendant's conviction of four counts of child rape in the first degree, the court upheld the no-contact order between the defendant and his biological children, as the children were within the class of persons victimized). While the State may not "inject itself into the private realm of the family," this concept is limited to situations in which the parent is adequately caring for the children. *See Troxel v. Granville*, 530 U.S. 57, 68–69 (2000). Here, Epping's conviction of child endangerment—with her own children as the victims—rebuts the presumption of fitness; consequently, we conclude no constitutional rights were violated upon the issuance of the no-contact order. *See id.* at 68 (noting "so long as a parent adequately cares for his or her children

---

[1] We also do not agree with Epping's argument that section 664A.8 is applicable here. Following the sentencing hearing, but in connection with Epping's criminal sentence, the district court entered a new no-contact order—as opposed to an extension of the temporary order—and did so pursuant to section 664A.5; therefore, the court was not required to make a finding regarding the safety of the children, as set forth in section 664A.8. *See* Iowa Code § 664A.8 (governing the continuations of no-contact orders, which were requested by the State or a victim under Iowa Code section 664A.2(1)–(2)).

(i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family").

For these reasons, we affirm the order of the district court.

**AFFIRMED.**