# IN THE COURT OF APPEALS OF IOWA

No. 17-1073
Filed March 7, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**STEPHEN SIFUENTES,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Wittig, Judge.

A defendant appeals his sentence for stalking and extortion. **AFFIRMED.**

Samuel A. Wooden of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Steven Sifuentes appeals his sentence for stalking, in violation of Iowa Code section 708.11(3)(c) (2017), and extortion, as a habitual offender in violation of Iowa Code section 711.4(1)(c) and 902.8. We find a pre-sentence investigation (PSI) was properly ordered and considered by the district court. We also find the district court did not abuse its discretion by imposing consecutive sentences. We affirm the district court.

## I. Background Facts and Proceedings

Sifuentes was charged with stalking, extortion, as a habitual offender, and invasion of privacy. He pleaded not guilty on March 2, 2017. A plea agreement was ultimately reached in which Sifuentes would serve five years imprisonment for extortion and two years for stalking. The State agreed to withdraw the habitual offender enhancement and dismiss the charge of invasion of privacy. The sentences would run consecutive to each other and consecutive with other Dubuque County charges. Sifuentes pleaded guilty on May 8.

At the plea hearing, the district court conducted a full colloquy. The colloquy also encompassed charges of interference with official acts causing bodily injury and no-contact-order violations.[1] During the plea hearing, the district court stated, "I assume we'll order a PSI?" Trial counsel responded:

> We're hoping that since he'd already had a PSI done in the Cerro Gordo case, that we could schedule [sentencing] in two weeks and then the victim would be available and hopefully they could just add these charges to his existing PSI.

---

[1] The charges of interference with official acts causing bodily injury and the no-contact-order convictions have not been appealed.

Another judge ordered the Cerro Gordo County PSI for use at a combined sentencing hearing. The PSI was obtained, and a copy was reviewed by the sentencing judge. The sentencing hearing took place June 12. The district court heard statements from the victim, prosecutor, defense counsel, and Sifuentes. The district court sentenced Sifuentes to two years in prison for stalking and five years in prison for extortion, to be served consecutively. The charges were also to run consecutively with a sentence resulting from the Cerro Gordo County convictions. Sifuentes now appeals.

## II. Standard of Review

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

Claims of an illegal sentence are reviewed for correction of errors at law. *State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014).

## III. Iowa Code Section 901.2

Sifuentes claims the district court was required to order a PSI, failed to do so, and, therefore, the case must be remanded for resentencing. Sifuentes pleaded guilty to extortion, a class "D" felony. The district court is required to order a PSI when the offense is punishable as a class "D" felony. *See* Iowa Code § 901.2(b). However, the district court did have access to the PSI completed in relation to the Cerro Gordo County offenses as well as the updated

PSI reflecting the charges of stalking and extortion. Sifuentes's trial counsel specifically asked for the Cerro Gordo County PSI to be updated and used in this case. The State agreed to the use of the updated PSI and the district court explicitly mentions the PSI in its reasons for the sentence. A completely new PSI is not necessary when there is a recent PSI already in existence. *Cf. State v. Hopkins,* 860 N.W.2d 550, 556-57 (Iowa 2015); *State v. Hinton* No. 10-1715*, 2012 WL 470237, at *1 (Iowa Ct. App. Feb. 15, 2012). We find the district court did order a PSI including the offenses occurring in both Cerro Gordo and Dubuque counties and affirm.

### IV. Consecutive Sentences

When describing the reasons for the sentence the district court stated, "[T]he Court gives special significance to: the nature of the offenses, the fact [Sifuentes] was on probation in Cerro Gordo County, the recommendation of the County Attorney, the pre-sentence investigation, and safety concerns for the public." Sifuentes claims the district court had no PSI and no record of the Cerro Gordo County convictions, and, therefore, the district court abused its discretion by running his sentences consecutively with the Cerro Gordo County convictions, as the sentence could not be supported by a factual basis.

However, the district court did have access to the information regarding the Cerro Gordo County offenses. Those offenses were mentioned in the May 8 plea hearing; Sifuentes himself admitted there was a sentencing order in Cerro Gordo County, trial counsel informed the district court Sifuentes's convictions and sentences in Cerro Gordo County had been affirmed on appeal, and the Cerro

Gordo County PSI provided information on the conviction and sentence relating to those charges.  We find the district court did not abuse its discretion.

**AFFIRMED.**