# IN THE COURT OF APPEALS OF IOWA

No. 17-0762
Filed July 5, 2018

**ED S. NASSIF,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Patrick R. Grady,

Judge.

Ed Nassif appeals the denial of his postconviction-relief application.

**AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney

General, for appellee State.

Considered by Danilson, C.J., and Mullins and McDonald, JJ. Potterfield,

J., takes no part.

**MULLINS, Judge.**

Ed Nassif was convicted of first-degree murder and was sentenced to life in prison without the possibility of parole. At the time of the offense in September 1990, Nassif was twenty-one years old. In June 2014, Nassif filed a pro-se application for postconviction relief claiming his sentence amounts to cruel and unusual punishment because "the brain is not fully developed until the age of 25." Following a hearing, the district court denied Nassif's application.

Nassif appeals. He contends his sentence of life in prison without the possibility of parole amounts to cruel and unusual punishment and violates his constitutional right to equal protection of the laws. Nassif takes the position that the separate sentencing scheme for juvenile offenders created by our supreme court in recent years[1] should be extended to young adult offenders because the brain does not fully mature until around the age of twenty-five years. Our review is de novo. *See Zarate*, 908 N.W.2d at 840.

As to Nassif's cruel-and-unusual-punishment argument, the supreme court has made clear that its sentencing scheme for juvenile offenders has "no application to sentencing laws affecting adult offenders." *Lyle*, 854 N.W.2d at 403. "[T]he line between being a juvenile and an adult was drawn for cruel and unusual punishment purposes at eighteen years of age." *Seats*, 865 N.W.2d at 556

---

[1] *See generally State v. Harrison*, ___ N.W.2d ___, 2018 WL _____ (Iowa 2018); *In re T.H.*, ___ N.W.2d ___, 2018 WL 2999628 (Iowa 2018); *State v. Crooks*, 911 N.W.2d 153 (Iowa 2018); *State v. Zarate*, 908 N.W.2d 831 (Iowa 2018); *State v. Roby*, 897 N.W.2d 127 (Iowa 2017); *State v. Graham*, 897 N.W.2d 476 (Iowa 2017); *State v. Propps*, 897 N.W.2d 91 (Iowa 2017); *State v. Richardson*, 890 N.W.2d 609 (Iowa 2017); *State v. Sweet*, 879 N.W.2d 811 (Iowa 2016); *State v. Louisell*, 865 N.W.2d 590 (Iowa 2015); *State v. Seats*, 865 N.W.2d 545 (Iowa 2015); *State v. Lyle*, 854 N.W.2d 381 (Iowa 2014); *State v. Hoeck*, 843 N.W.2d 67 (Iowa 2014); *State v. Ragland*, 836 N.W.2d 107 (Iowa 2013); *State v. Pearson*, 836 N.W.2d 88 (Iowa 2013); *State v. Null*, 836 N.W.2d 41 (Iowa 2013).

(discussing *Roper v. Simmons*, 543 U.S. 551, 574 (2005)). Nassif was not a juvenile at the time of his offense. He is not entitled to be treated as a juvenile for purposes of sentencing and is therefore not entitled to any relief. We also note our previous rejection of arguments identical to Nassif's. *See, e.g.*, *Smith v. State*, No. 16-1711, 2017 WL 3283311, at *1–2 (Iowa Ct. App. Aug. 2, 2017), *further review denied* (Dec. 7, 2017); *Thomas v. State*, No. 16-0008, 2017 WL 2665104, at *1–2 (Iowa Ct. App. June 21, 2017). We see no reason to deviate from these prior decisions.

Nassif additionally argues his sentence violates his constitutional right to equal protection of the laws, asserting juvenile offenders and young adult offenders both have adolescent brains and are therefore similarly situated, but are treated differently under current law. We agree with the State that Nassif failed to preserve error on this argument, as it was not raised in the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *see also State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues."). In any event, juveniles and young adults are not similarly situated for the purposes of sentencing. *See Lyle*, 854 N.W.2d at 395 (noting juveniles "are constitutionally different from adults for purposes of sentencing").

We affirm the denial of Nassif's postconviction-relief application.

**AFFIRMED.**