# IN THE COURT OF APPEALS OF IOWA

No. 17-0877
Filed December 19, 2018

**JUSTIN WILLIS SWAN,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Wittig, Judge.

Justin Swan appeals the denial of his application for postconviction relief. **AFFIRMED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Justin Swan appeals the denial of his application for postconviction relief (PCR). He contends the PCR court failed to comply with Iowa Code section 822.7 (2009) by failing to enter necessary findings and conclusions relating to each of the issues he presented for relief. Further, he challenges the seventy percent mandatory minimum sentence as cruel and unusual punishment. Finally, Swan makes several claims of ineffective assistance against both his trial and PCR counsel.

## I.      Background Facts and Proceedings

This case arises out of a 2009 convenience store armed robbery in Dubuque. Swan was charged with robbery in the first degree. *See* Iowa Code §§ 711.1, 711.2. A jury found Swan guilty and the court sentenced Swan to a term of incarceration not to exceed twenty-five years with a mandatory minimum of seventy percent for the robbery offense, pursuant to Iowa Code section 902.12(5).[1] On direct appeal, the supreme court affirmed Swan's conviction.[2]

Swan filed a pro se PCR application in which he claimed his trial counsel was ineffective, DNA testing was performed on contaminated evidence, illegal interrogations were conducted leading to coerced confessions, and the media publicized false and suppressed information yet a change in venue was not granted. After the court appointed Swan counsel, he amended his petition to allege his sentence of incarceration in the amount of twenty-five years with a

---

[1] Swan was also charged and convicted of two offenses not pertinent to this PCR appeal.
[2] Swan's sentence was affirmed in part, vacated in part, and remanded for the limited purpose of vacating a sentencing provision requiring reimbursement for attorney fees.

seventy-percent mandatory minimum was cruel and unusual punishment as applied to him and because his culpability is grossly disproportionate to the imposed sentence. He also claimed his due process rights were violated because of statements made by the State in its closing argument which Swan argues were not supported by the evidence and materially prejudiced him.

The State resisted the application and moved for summary disposition, contending there were no issues of material fact in dispute. The court initially scheduled a hearing but cancelled it on Swan's request in order to allow time for discovery. After several continuances and substitutions of Swan's PCR counsel, the State filed an amended motion for summary disposition, further articulating that there were no issues of material fact in dispute and if there were any violations, they would be harmless error. The court scheduled the motion to be heard on the same day as the trial. Ten days before the trial, Swan filed a second amended PCR application, repeating his claims of ineffective assistance of counsel and adding allegations that trial counsel failed to object to testimony regarding a letter Swan wrote in jail in which he described his motivation for the robbery and prosecutorial misconduct for statements made by the prosecutor during closing arguments. Further, he claimed his trial counsel failed to appeal these issues. Lastly, Swan argued the statements made by the prosecutor in her closing argument also violated his due process rights. Swan requested his conviction be vacated and he be granted a new trial.

On May 26, 2016, the court held an evidentiary trial during which it also considered the State's motion for summary disposition. Swan called no witnesses and the State only called Swan's trial counsel. On May 5, 2017, the court denied

and dismissed Swan's application, finding he was not entitled to relief on any ground presented. Swan filed a motion to enlarge or amend pursuant to Iowa Rule of Civil Procedure 1.904(2), asking the court to clarify its order. The court enlarged its order, providing further specific findings on several of Swan's claims. Swan appeals.

## II.     Standard of Review

Generally, we review PCR proceedings for correction of errors at law. *See Ruiz v. State*, 912 N.W.2d 435, 439 (Iowa 2018). We review ineffective-assistance-of-counsel claims de novo. *See id.; Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011) (we still apply a de novo review although applicant "has a statutory, not constitutional right to effective assistance of counsel on postconviction relief"). In order to prove his ineffective-assistance claims, Swan must establish deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). "[T]he court may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015).

To establish deficient performance, the "applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). "We presume defense counsel acted competently." *Lopez*, 872 N.W.2d at 169. "We assess counsel's performance 'objectively by determining whether [it] was reasonable, under prevailing professional norms, considering all the circumstances.'" *Nguyen v. State*, 878 N.W.2d 744, 752 (Iowa 2016) (quoting *Dempsey v. State*, 860 N.W.2d

860, 868 (Iowa 2015)). "In determining whether an attorney failed in performance of an essential duty, we avoid second-guessing reasonable trial strategy." *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010). An applicant must also prove the counsel's failure to perform an essential duty resulted in prejudice. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ledezma*, 626 N.W.2d at 143 (quoting *Strickland*, 466 U.S. at 690–91). "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694).

## III.  Analysis

### A.  Section 822.7

Swan first contends the PCR court failed to comply with Iowa Code section 822.7 and enter necessary findings and conclusions relating to each of the issues he presented in its final ruling. He claims the PCR court failed to address his allegations that counsel was ineffective involving: (1) the failure to object to the admission of testimony regarding his jailhouse letter; (2) the failure to object to statements of the prosecutor constituting misconduct; (3) "concession of guilt issue"; and (4) his claim of cruel and usual punishment pursuant to article 1, section 17 of the Iowa Constitution.

The court, in ruling on PCR applications, "shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." Iowa Code § 822.7. "[S]ubstantial compliance is sufficient. Even if the court does not respond to all of the applicant's *allegations*, the ruling is sufficient if it responds to all the *issues* raised." *Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006). A

review of both the trial court's order on PCR and the order following Swan's motion to enlarge or amend shows the court addressed the issues Swan raises on appeal, though it did not respond to every one of Swan's allegations on these issues.[3] We therefore find the trial court substantially complied with section 822.7. Swan also includes references to a claim of ineffective assistance of counsel in this section of his appellate brief but fails to provide any argument. We deem this issue waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *see also Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) ("[R]andom mention of [an] issue, without elaboration or supportive authority, is insufficient to raise the issue for our consideration.").

B.     Cruel and Unusual Punishment

Swan also argues his sentence was illegal and the seventy percent mandatory minimum on his twenty-five year sentence of incarceration is cruel and unusual punishment as applied to him under recent precedent. He contends the same principles the supreme court applied in *State v. Lyle*, 854 N.W.2d 378, 404 (Iowa 2014), namely that a statutory scheme requiring mandatory minimums is unconstitutional for juvenile offenders because it precludes the district court from considering any circumstances based on youth or conduct in mitigation of punishment, also apply to him. He argues that as a nineteen-year old at the time

---

[3] We agree the district court did not address issues contained in Swan's initial pro se PCR application, specifically his allegations about DNA testing, illegal interrogations, coerced confessions, and medical evidence supporting intoxication. However, Swan provided no evidence at the PCR trial and made no legal arguments in support of these allegations in his post-trial brief to the district court. Further, he has made no argument concerning these issues on this appeal. Therefore, we deem these issues waived. *See* Iowa R. App. P. 6.903(2)(g)(3).

of the robbery, he had the equivalent mental development and reasoning capacity as an offender under eighteen. He contends he should be treated like a juvenile offender with the trial court having the discretion to consider attendant circumstances as mitigating factors. He further claims his PCR counsel was ineffective in failing to present any evidence regarding the equivalency of developmental deficits of juvenile and nineteen-year olds, which prevented the PCR court from granting Swan's requested relief on his claim of cruel and unusual punishment. He requests a new PCR proceeding and asks that the logic and protections granted juvenile offenders in several supreme court cases be extended to nineteen-year olds.[4]

"An unconstitutional sentence is an illegal sentence. Consequently, an unconstitutional sentence may be corrected any time." *Lyle*, 854 N.W.2d at 382. "[W]e review an allegedly unconstitutional sentence de novo." *Id.* Here, Swan was an adult at the time of the instant offenses. "[T]he line between being a juvenile and an adult was drawn for cruel and unusual punishment purposes at eighteen years of age." *State v. Seats*, 865 N.W.2d 545, 556–57 (Iowa 2015); *accord Roper v. Simmons*, 543 U.S. 551, 574 (2005). Additionally, the court in *Lyle* expressly limited its application to juveniles and its holding "has no application to sentencing laws affecting adult offenders." *Lyle*, 854 N.W.2d at 403. Further, *Lyle* did "not

---

[4] *See generally State v. Harrison*, 914 N.W.2d 178 (Iowa 2018); *In re T.H.*, 913 N.W. 2d 578 (Iowa 2018); *State v. Crooks*, 911 N.W.2d 153 (Iowa 2018); *State v. Zarate*, 908 N.W.2d 831 (Iowa 2018); *State v. Roby*, 897 N.W.2d 127 (Iowa 2017); *State v. Graham*, 897 N.W.2d 476 (Iowa 2017); *State v. Propps*, 897 N.W.2d 91 (Iowa 2017); *State v. Richardson*, 890 N.W.2d 609 (Iowa 2017); *State v. Sweet*, 879 N.W.2d 811 (Iowa 2016); *State v. Louisell*, 865 N.W.2d 590 (Iowa 2015); *State v. Seats*, 865 N.W.2d 545 (Iowa 2015); *State v. Lyle*, 854 N.W.2d 381 (Iowa 2014); *State v. Hoeck*, 843 N.W.2d 67 (Iowa 2014); *State v. Ragland*, 836 N.W.2d 107 (Iowa 2013); *State v. Pearson*, 836 N.W.2d 88 (Iowa 2013); *State v. Null*, 836 N.W.2d 41 (Iowa 2013).

move any of the lines that currently exist in the sentencing of adult offenders." *Id.* We, like the PCR court, must rely on applicable precedent. The PCR court did not err in finding the mandatory minimum of Swan's sentence was not cruel and unusual punishment.[5]

C.      Ineffective Assistance of Counsel

Swan makes several claims of ineffective assistance of counsel. We will address them in turn. Swan first claims his PCR counsel provided ineffective assistance for failing to present evidence on the equivalency of the developmental deficits of nineteen year olds in support of his cruel-and-unusual-punishment claim. As determined above, Swan's claim has no merit. Therefore, Swan's PCR counsel was not ineffective. *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("Counsel has no duty to raise an issue that has no merit."). Even if counsel had presented evidence on this issue, the trial court was still required to follow precedent and statutory authority to sentence Swan to a mandatory minimum on the first-degree robbery offense. Thus, Swan's counsel was neither under a duty to present evidence on Swan's mental-development-and-reasoning capacity, nor was Swan prejudiced by his counsel's failure to do so.

Swan also claims he received ineffective assistance because his trial counsel did not object to testimony about a letter[6] Swan wrote while in jail. A jail

---

[5] We see no reason to deviate from this court's prior holdings declining to expand *Lyle*. *See, e.g.*, *Nassif v. State*, No. 17-0762, 2018 WL 3301828, at *1 (Iowa Ct. App. July 5, 2018), *further review denied* (Sept. 13, 2018); *Smith v. State*, No. 16-1711, 2017 WL 3283311, at *1–2 (Iowa Ct. App. Aug. 2, 2017), *further review denied* (Dec. 7, 2017); *Thomas v. State*, No. 16-0008, 2017 WL 2665104, at *1–2 (Iowa Ct. App. June 21, 2017).
[6] While the letter was admitted into evidence during the PCR hearing, it was not included as part of our record. We are therefore limited to the district court's order and the trial transcript as to its contents.

employee, whose duties included logging inmate correspondence and reading outgoing mail, testified to a portion of the letter's contents. He testified that in the letter, Swan wrote that when he committed the robbery he "was just thinking MONEY." The letter itself was neither offered nor admitted into evidence during the criminal trial. Swan contends counsel should have objected to the testimony about the letter because it was not admitted into evidence or authenticated prior to the testimony of its contents. Further, he contends the testimony was hearsay.

Pretrial detainees do not have any subjective expectation of privacy in a non-privileged letter so such a letter, and its contents, are admissible against them. *State v. Ruan*, 419 N.W.2d 734, 737 (Iowa Ct. App. 1987). Further, "Iowa law permits prison officials acting in the ordinary course of their duties to monitor communications of prison inmates." *State v. Washburne*, 574 N.W.2d 261, 268 (Iowa 1997), *overruled on other grounds by State v. Palmer*, 791 N.W.2d 840 (Iowa 2010). The jail employee authenticated the letter and his testimony about the letter was not hearsay. *See* Iowa R. Evid. 5.801(d)(2)(A). Further, Swan's trial counsel testified during the PCR hearing that he wanted to deemphasize the letter and did not want the letter admitted into evidence because it contained other information that would have damaged Swan's case. We find this to be a reasonable trial tactic given the circumstances and therefore conclude Swan's trial counsel did not neglect to perform an essential duty.

Swan next argues that trial counsel was ineffective for a "concession of guilt" issue, contending that counsel should not have put forth a diminished capacity defense after forwarding a general denial of any participation in the crime. He claims the diminished capacity defense resulted in a tacit admission of guilt in

the crime without his consent. Swan provides no authority for this argument nor identifies where in the record, which is extensive, this alleged error occurred. We will not speculate on Swan's argument nor will we "search for legal authority and comb the record for facts to support such arguments." *Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996). We deem this argument waived. *See* Iowa R. App. 6.903(2)(g)(3).

Swan finally contends the prosecutor at the criminal trial made several misleading or false statements during her closing arguments and his trial counsel failed to object. He specifically claims counsel failed to object to the prosecutor's statements mischaracterizing evidence regarding Swan's jailhouse letter, Swan's intent to "go out in a blaze of glory" when buying ammunition after the robbery, and misstating the degree of a DNA match.

In "closing arguments, counsel is allowed some latitude. Counsel may draw conclusions and argue permissible inferences which reasonably flow from the evidence presented." *State v. Carey*, 709 N.W.2d 547, 554 (Iowa 2006) (quoting *State v. Thornton*, 498 N.W.2d 670, 676 (Iowa 1993)). "However, counsel has no right to create evidence or to misstate the facts." *Id.* (quoting *State v. Greene*, 592 N.W.2d 24, 32 (Iowa 1999)). As to the references to the letter, while the prosecutor did not quote the testimony about the jailhouse letter verbatim, we do not find she misstated the evidence. Further, Swan's trial counsel testified that he did not want to focus or put extra emphasis on the contents of the letter. He made arguments during his closing in reference to the letter, attempting to question the validity of the letter and downplaying its significance. Objecting to a misquote could have given the letter more emphasis and credence to the jury. As to the references to

Swan's intent, there was testimony from witnesses that Swan stated he wanted to use the gun if he were caught by police. We find the prosecutor's statements were permissible conclusions and inferences considering the evidence presented. In reference to the DNA misstatement, the State concedes that during closing arguments, the prosecutor incorrectly stated a higher level of a DNA match than was testified to. However, following the prosecution's closing arguments, Swan's trial attorney made his closing argument, at which time he identified the levels of DNA matches in the case as testified to by witnesses, plainly correcting the prosecutor's mistake to the jury. Further, the court instructed the jury that arguments of counsel were not evidence and could not be considered as a basis for their verdict. Appellate courts "presume juries follow the court's instructions." *State v. Hanes*, 790 N.W.2d 545, 552 (Iowa 2010). Therefore, Swan suffered no prejudice. We find Swan's trial counsel was not ineffective.

## IV. Conclusion

We find the trial court substantially complied with Iowa Code section 822.7, Swan's mandatory minimum sentence does not amount to cruel and unusual punishment, and Swan's claims of ineffective assistance of counsel fail. We affirm the PCR court's denial of Swan's PCR application.

**AFFIRMED.**